State *v.* Kuhn.

## THE STATE *v.* KUHN.

[No. 18,183. Filed April 20, 1900.]

CRIMINAL LAW.—*Discharge of Defendant for Delay in Prosecution.*—
A judgment discharging defendant from an indictment pending against her for failure of the State to bring the cause on for trial within the time prescribed by §1852 Burns 1894 will not be reversed on the ground that the time of the court was occupied in the trial of other causes, where it was shown that at least eight days of the third term after defendant was admitted to bail were occupied in the trial of civil causes.

From the Decatur Circuit Court. *Affirmed.*

*T. B. Adams, Isaac Carter, K. M. Hord, E. K. Adams, E. E. Roland* and *W. A. Ketcham,* Attorney-General, for State.

*B. F. Love, H. A. Morrison, J. S. Duncan, C. W. Smith* and *H. H. Hornbrook,* for appellee.

HADLEY, C. J.—This is an appeal from the order ·and· judgment of the circuit court of Decatur county, discharging the appellee from an indictment theretofore pending against her in said court for the murder of Edward Kuhn, as well also as from the recognizance under which she was then held to appear in said court. This judgment was entered upon the petition of the appellee for her discharge, because of the failure of the State to bring the cause on for trial within the time prescribed by §1852 Burns 1894, §1783 R. S. 1881 and Horner 1897.

The petition for discharge, filed February 10, 1896, shows that on the 20th day of January, 1895, an indictment was returned against the petitioner, by the grand jury of Shelby county, charging her with murder in the first degree; that thereupon the petitioner was arrested and imprisoned in the jail of said county; that thereafter the venue of said cause was changed to the Decatur Circuit Court, and the appellee was transferred to the jail of the last named county; that at the February term, 1895, she was put upon her trial, which trial resulted in a disagreement of the jury; that thereafter, at the same term of court, she was admitted to bail, and that said recognizance was yet in force; that three full terms of court had passed since said February term, 1895, namely, April, September, and November, 1895; that at all times since her being so admitted to bail, she had been ready and willing to go to trial upon said indictment, but no continuance of said cause has been had upon her motion, nor had the delay been caused by any act of hers; that at each of the terms of said court there had been more than sufficient time for said cause to have been tried.

The State filed an answer to said petition in three paragraphs: The first a general denial; the second averred that, after entering into such recognizance, the appellee had left the court room, and Decatur county, and had at no time since entering into such recognizance appeared in court and demanded a trial, wherefore it was claimed that she had waived her right to have said cause tried at one of the three terms; the third paragraph averred that each term of the court after the February term, 1895, the State had appeared by counsel in the circuit court of Decatur county, and requested and demanded of the judge that said cause be set down for trial, but that said court declined to set the said cause down for trial, giving as a reason that owing to the crowded condition of the docket of the court it would be impossible to try the cause for want of time; and that upon each occasion the defendant was present in court by her counsel, and made no objection to such continuance.

To these affirmative answers the appellee replied by a general denial. The court, after considering the evidence offered in support of the petition and answers, ordered the discharge of the defendant from the indictment and recognizance; from which order and judgment the State appeals.

The abuses and crimes against personal liberty that preceded the granting of Magna Charta first found restraint in that famous document in these words: "No man can be rightfully imprisoned except upon a charge of crime properly made in pursuance of the law of the land; no man when so inprisoned upon a lawful charge, presented in a lawful manner, specifying the crime, can be arbitrarily held without trial." The spirit and principle of Magna Charta was carried into our federal Constitution, article six, in these words: "In all criminal prosecutions the accused shall enjoy the right to a speedy and public trial"; and also into our State Constitution, section twelve, bill of rights, in the words following: "Justice shall be administered freely and without purchase; completely and without denial; speedily and without delay."

Section 1852 Burns 1894, §1783 Horner 1897, follows: "No person shall be held by recognizance to answer an indictment or information, without trial, for a period embracing more than three terms, not including a term at which a recognizance was first taken thereon, if taken in term time; but he shall be discharged unless a continuance be had upon his own motion, or the delay be caused by his act, or there be not sufficient time to try him at such third term; and in the latter case, if he be not brought to trial at such third term, he shall be discharged."

This is the legislative provision for extending the guaranty of the Constitution to citizens under recognizance to answer a criminal charge. Section 1851 provides that the State shall not detain the defendant in jail more than two consecutive terms without trial unless the delay is requested by the defendant or caused by his act, or there is not suffi-

cient time to try in said terms. Section 1853 provides that when an application for discharge has been made under either of the foregoing sections, if the court is satisfied that there is evidence for the State which can not then be had, and that diligent effort has been made to procure it, and there is good ground to believe it may be procured at the next term, the court may continue the cause to the next term; and if not then put to trial the defendant shall be discharged. These provisions express the legislative judgment of what constitutes a reasonable time for the State's preparation for trial, and marks the limit of the State's right to hold a defendant without trial. They relate to criminal proceedings, and must be strictly construed. The question of discharge is not a matter of discretion with the court beyond the bounds fixed by section 1853. When the prisoner brings his case within the limits of the statute, his right to a discharge becomes absolute. The courts seem united upon this point.

In *People* v. *Morino*, 85 Cal. 515, under a similar statute, it is said: "A party charged with a crime has the constitutional right to a speedy trial and the court has no discretionary power to deny him a right so important, or to prolong his imprisonment without such trial beyond the time provided by law. The statute is imperative. It was enough for the defendant to show that the time fixed by statute, after information filed, had expired, and that the case had not been postponed on his application." To the same effect see: *In re McMicken*, 39 Kan. 406, 18 Pac. 473; *Walker* v. *State*, 89 Ga. 482, 15 S. E. 553; *In re Garvey*, 7 Col. 502, 4 Pac. 758; *Ochs* v. *People*, 124 Ill. 399, 16 N. E. 662.

There is no pretense here that the case was postponed beyond three terms, or at any term, to procure the attendance of witnesses; and no claim that the evidence was not at all times available; but the appellant grounds its appeal upon the fact that there was not time sufficient at the November term to try the case "on account of the crowded condition

of the docket". The November term ran for five weeks,—thirty judicial days. The evidence shows that one or two days were occupied with probate business, nine or ten days with the trial of prisoners in jail under criminal charges, and about ten days in the trial of criminal cases against persons on bail, and that the balance of the term was occupied in the trial of civil causes. Section 408 Burns 1894, §405 Horner 1897, provides that it shall be the duty of circuit judges to arrange the order of business in their courts so as to provide (1) for the formation of issues and the transaction of probate business, (2) for the trial of criminal cases, and (3) for the trial of civil causes. In aid of the constitutional guaranty it is made the duty of the trial judge to give preference to criminal over civil cases, and a failure of the judge so to do can not be made to operate against the right of a defendant to trial within the limits of the statute.

As we have seen, upon failure to bring a defendant to trial under section 1852, within three terms after admission to bail, his right to a discharge becomes absolute, except as modified by section 1853, unless the delay is occasioned upon his own motion, or caused by his own act, or there is not sufficient time at such third term to try him. "And in the latter case, if he be not brought to trial at such third term, he shall be discharged." By the latter clause of section 1852, just quoted, is meant that the defendant must at least be brought to trial within such third term, and if it turns out that the trial can not be completed within the term, it may continue to completion beyond the term. At least eight days of the November term were occupied in the trial of civil causes. The prosecuting attorney testified that he did not at any time within the three terms request the court to set appellee's case down for trial, nor authorize any one else to do so, and it is reasonably certain that if the request had been made the trial could and would have at least been entered upon.

In her petition appellee avers that she never moved for a

continuance; that no act of hers had delayed the trial from coming on, and that there was time at each term of the court for the trial. Upon the issues joined the court found from the evidence that these facts were true. The hearing was by the regular judge who had presided in the case in every step after it reached the Decatur Circuit Court, and who was distinguished for his fairness and judicial accuracy. We can not therefore disturb the finding and judgment. *Mc-Guire* v. *Wallace*, 109 Ind. 284. Judgment affirmed.