WOLLYUNG *v.* STATE OF INDIANA.

[No. 28,812. Filed December 14, 1951.]

*Cecil C. Tague,* of Brookville; *Frank Isgrigg Hamilton* and *Frank Hamilton,* both of Greensburg, for appellant.

*J. Emmett McManamon,* Attorney General; *William T. McClain* and *John Ready O'Connor,* Deputy Attorneys General, for appellee.

DRAPER, J.—On November 28, 1949, an affidavit was filed in the Franklin Circuit Court charging the appellant with assault and battery wih intent to commit a felony. He was arrested the same day, and was at once released from custody upon furnishing a recognizance bond which was duly approved.

On December 7, 1949, he entered a plea of not guilty. Thereafter, on November 28, 1950, he filed a written motion to be discharged because of delay. See Burns' 1942 Replacement, §9-1403. The motion was overruled; the cause was tried at the February 1951 term of court; and the appellant was found guilty of assault and battery.

The motion reads as follows:

"Comes now the defendant, Charles Woolyung and moves the court that said charge be dismissed for delay for the following reasons:

"That said charge was filed in the Franklin Circuit Court on December 7th, 1949, said date being in the November Term 1949 of said Court. That said defendant was required to and did give Bond for his appearance, and has continued to be under said Bond and is now under said Bond at this date, November 28th, 1950.

"That three full terms of the Franklin Circuit Court have elapsed since the filing of said charge, to-wit: The February Term, 1950, April Term, 1950 and the September Term 1950.

"That there has been no continuance had of said cause, or requested at any time by this defendant, by either oral or written motion.

"That there has been no delay in said cause by any act of this defendant.

"That there has been sufficient time in said intervening terms of court and in each of said terms to try said cause.

"Wherefore the defendant now moves the Court that he be now discharged."

No evidence, either written or oral, was presented. The matter was submitted on the facts alleged in appellant's motion, which were not controverted by the state, and the facts disclosed by the order book entries.

From these sources it appears that the appellant was arrested and gave bond and was released from custody at the November 1949 term of said court. Thereafter the February 1950 term, the April 1950 term and the September 1950 term[1] passed without said cause being tried, set for trial or continued at any time on appellant's motion. The record wholly fails to show any step taken by appellant or any conduct on appellant's part, which in any manner whatsoever caused or contributed to the delay of the trial or the setting of the cause for trial during any of the three terms of court after he gave bond. In fact the record discloses that after the November 1949 term, at which time the bond was given, and the appellant entered his plea of not guilty, no proceedings of any kind or character were had or taken in said cause for more than one year, or until after three full terms of court had passed by. There is no suggestion that the motion was denied because the court believed there was evidence for the state which could not then be had, that reasonable effort had been made to procure it and there was just ground to believe it could be had at the next term. See Burns' 1942 Replacement, §9-1404. Nor is there any suggestion that there was not ample time to try him at the third term.

[1] Franklin County, 37th circuit (including Union County).
Terms, 1st Monday of September, 3d Monday of November, 1st Monday of February and 4th Monday of April and continue 6 weeks if the business requires. (Acts 1921, ch. 217, p. 592.) Burns 1946 Replacement, §4-332.

For the reasons stated in *Zehrlaut* v. *State of Indiana* (1951), 230 Ind. 175, 102 N. E. 2d 203, and on the authority of that case, the judgment is reversed with instructions to the trial court to sustain appellant's motion to discharge him for delay.[2]

NOTE.—Reported in 102 N. E. 2d 503.

---

[2] The law is unequal in actual operation, due to the varying length of the terms of the various courts in Indiana. It is not difficult to conceive of circumstances under which it would be impractical, if not impossible, for the state to present its case within the time allowed in some counties. On the other hand, it is possible in some counties to hold an accused in jail more than 1 year, or on bail more than 18 months awaiting trial. These periods seem excessively long. The remedy lies with the General Assembly.