CÓLGLAZIER *v.* STATE OF INDIANA

[No. 28,928.   Filed January 23, 1953.]

*James D. Allen,* of Salem, and *Robert W. Davis,* of Corydon, both for appellant.

*J. Emmett McManamon,* Attorney General, *William T. McClain* and *John Ready O'Connor,* Deputy Attorneys General, for appellee.

BOBBITT, J.—On January 4, 1951, an affidavit was filed in the Harrison Circuit Court charging the appellant with reckless homicide. On the same day appellant waived arraignment, entered a plea of not guilty and posted a recognizance bond.

On March 5, 1951, the cause was, on motion of the state, set for trial on March 19, 1951. Thereafter, on March 6, 1951, appellant withdrew his plea of not guilty and filed a motion to quash the affidavit. This motion was set for oral argument on March 17, 1951, and on March 19 was sustained by the court. The state immediately filed an amended affidavit and the cause was, over appellant's objection, reset for trial on March 27, 1951. The court continued to hold appellant under the recognizance bond filed in the January term. On March 21, 1951, appellant filed an affidavit for a change of venue from the county, which was denied by the court on March 24, 1951. Appellant then immediately filed an affidavit for a change of judge. This was granted and a special judge was selected on the same day the affidavit for change was filed. He qualified on

the last day of the March term, 1951, and the case was set for trial on May 28, 1951.

On May 24, 1951, the state filed an affidavit for change of judge. This change was granted May 28, 1951, and the case referred to the regular judge for further proceedings.

On September 4, 1951, the regular judge submitted a list of three counties from which to strike for a change of venue from the county. Thereafter the judge discovered his error and on September 28, 1951, submitted a list of three names consisting of one circuit judge and two attorneys from which to select a new special judge.

On November 5, 1951, the state struck the name of one of the attorneys from the list, and on November 14, 1951, an erroneous entry on the court's minute book was corrected after the error had been called to the attention of the court by appellant's attorney. Subsequently, on November 24, 1951, appellant struck the name of the circuit judge. The Honorable Robert R. Kelso, an attorney of Floyd County, Indiana, was then selected and thereafter qualified as special judge on November 30, 1951, at which time he set the case again for trial on January 15, 1952.

At the time of trial in January of 1952 appellant filed his verified motion to dismiss the action because of delay, which motion, omitting the formal part thereof, is as follows:

> "Comes now the above named Alvin R. Colglazier, defendant in the above entitled matter, and moves the court to dismiss said action because of delay for the following reasons.
>
> "That during the March Term, 1951 of the Harrison Circuit Court an amended affidavit for Reckless Homicide was filed against this defendant to which affidavit the defendant waived arraignment,

entered a plea of not guilty, and was continued under bond he had posted during the January Term 1951 of said Court.

"That he stood without trial for a period embracing more than three (3) terms of said court excluding the March 1951 Term of said Court, said terms being the May, September and November Terms 1951 of said court.

"That no continuance has been had during said three terms of Court on the motion of this defendant.

"That no delay has been caused by the act of this defendant during said terms of Court.

"Wherefore, defendant moves the Court that he be discharged and his bondsmen released and for all other just and proper relief."

The court's record was the only evidence introduced at the hearing on said motion. The motion to dismiss was overruled and the case proceeded to trial by jury resulting in a finding of guilty.

The sole error assigned is the overruling of appellant's motion to dismiss because of delay.

The statute upon which appellant relies is Acts of 1905, ch. 169, §220, p. 584, §9-1403, Burns' 1942 Replacement, and provides as follows:

"No person shall be held by recognizance to answer an indictment or affidavit without trial for a period embracing more than three [3] terms of court, not including the term at which a recognizance was first taken thereon, if taken in term time; but he shall be discharged unless a continuance be had upon his own motion, or the delay be caused by his act, or there be not sufficient time to try him at such third term; and, in the latter case, if he be not brought to trial at such third term, he shall be discharged, except as provided in the next section."

This statute will be strictly construed and all doubts resolved in favor of the accused. *Zehrlaut* v. *State* (1951), 230 Ind. 175, 102 N. E. 2d 203; *State* v. *Kuhn* (1900), 154 Ind. 450, 453, 57 N. E. 106; Ewbank's Indiana Criminal Law, 2d Ed., §437, p. 288.

The terms of the Harrison Circuit Court begin on the first Monday of January, March, May, September and November of each year. Section 4-332, Burns' 1946 Replacement.

After the filing of the amended affidavit on March 19, 1951, appellant caused a delay in his trial until the May term, 1951, by his act of filing a motion for a change of venue from the county and for a change of judge. Such motions necessarily delay the trial of a case.

However, at no place in the record does it appear that the delay in bringing appellant to trial after the March term was caused by any act of his. On the contrary, the delay in the May term was caused by the action of the prosecuting attorney in filing a motion for change of judge four days before the date of trial and seven days before the end of the term.

Appellee contends that the delay occasioned in the September term was caused by the court's error and could not be properly charged to the state. We are not impressed by this argument. The statute does not say that the person shall be discharged if his trial is delayed beyond three terms by an act of the prosecuting attorney, but does say that he (the person held) shall be discharged *unless a continuance be had upon his own motion or the delay be caused by his act*. It makes no difference whether the delay is caused by the prosecuting attorney or the

court, so long as it is not caused by an act of the accused.

The delay in the November term resulted from the combined acts of the prosecuting attorney and the court and from no act of appellant.

It is not contended that the motion to dismiss was denied because the court believed that there was evidence for the state which could not then be had, that a reasonable effort had been made to procure it, and there was just ground to believe that it could be had at the next term.

See: Acts 1905, ch. 169, §221, p. 584, §9-1404, Burns' 1942 Replacement.

Appellee suggests that a strict enforcement of the provisions of §9-1403, Burns' 1942 Replacement, supra, will put prosecuting attorneys "to a serious disadvantage" in securing a trial within three terms of court if they desire to avail themselves of the right to a change of judge. It is our opinion that if the provisions of rule 1-12 of this court pertaining to the selection of special judges are diligently followed, full advantage of the right to a change of judge may be taken by the state without danger of discharging the accused under the provisions of said §9-1403, supra.

Since appellant was held by recognizance to answer an affidavit for a period embracing the May, September and November terms of court following the March term, at which recognizance was taken on the amended affidavit, without any continuance on his own motion or any other act on his part which caused the delay during such period, and since no showing is made that there was not sufficient time to try him at the November term, the trial court erred

in overruling appellant's motion to dismiss because of delay. *Zehrlaut* v. *State* (1951), 230 Ind. 175, 102 N. E. 2d 203, *supra; Wollyung* v. *State* (1951), 230 Ind. 697, 102 N. E. 2d 503; *State* v. *Kuhn* (1900), 154 Ind. 450, 57 N. E. 106, *supra.*

Judgment is reversed with instructions to the trial court to sustain appellant's motion to dismiss because of delay.

NOTE.—Reported in 110 N. E. 2d 2.