SHEWMAKER v. STATE OF INDIANA.

[No. 29,393. Filed December 7, 1956.]

*James D. Williams*, of Corydon, for appellant.

*Edwin K. Steers*, Attorney General, and *Owen S. Boling*, Deputy Attorney General, for appellee.

LANDIS, J.—Appellant was convicted after a jury trial of the misdemeanor of driving while under the influence of intoxicating liquor. The lower court fixed his fine at $100.00 and costs, sentenced him to ten days in jail and recommended the suspension of his driver's license for one year. He appeals from the judgment of conviction and has assigned as error the overruling of his motion for new trial.

One of the specifications relied on by appellant in his motion for new trial is alleged error committed by the court in overruling appellant's motion to dismiss the action because of the running of the three term statute.[1] Appellee (The State) contends that although evidence was introduced upon said motion by both appellant and appellee, the evidence is not in the record as the same is not properly certified

---

1. Acts 1905, ch. 169, §220, p. 584, being §9-1403 Burns' Indiana Statutes (1956 Repl.)

to, and was not approved by the trial judge. Appellant does not dispute appellee's assertion that the evidence is not in the record. This court cannot challenge the finding of the trial court based upon evidence when the evidence upon which the court's decision was predicated is not brought before us. We recognize that the discharge statute[2] is to be so construed that all doubts are to be resolved in favor of the accused,[3] but without the evidence before us we must presume that the evidence below was sufficient to sustain the findings of the trial court. We accordingly hold that no error is presented by appellant with reference to the court's overruling of his motion to dismiss raising the question of the running of the three term statute.

Appellant's remaining contention of error relates to the giving of two instructions by the court and the refusing of two other instructions offered by appellant as to the form of verdict, according to which the jury were not permitted to fix the punishment for the misdemeanor of driving while under the influence of liquor. Appellee (The State) argues that the error is not properly raised by appellant for the reason that one specification of the motion for new trial questions separate rulings of the court in giving two of its own instructions and refusing two other instructions of appellant as to the form of the verdict. However, we believe appellee's objection is without merit as the same question was presented by appellant's objections to the court's given instructions as by the court's refusal of appellant's offered instructions concerning the form of the verdict. We have held that separate rulings of the court may be assigned under one specification of a motion for new trial provided all

2.   Acts 1905, *supra.*
3.   *Zehrlaut* v. *State* (1951), 230 Ind. 175, 102 N. E. 2d 203; *Colglazier* v. *State* (1953), 231 Ind. 571, 110 N. E. 2d 2.

of said rulings are erroneous. See: *Osburn* v. *State* (1905), 164 Ind. 262, 73 N. E. 601; *Sievers* v. *The Peters Box and Lumber Company* (1898), 151 Ind. 642, 663, 664, 50 N. E. 877, 52 N. E. 399; *The Ohio and Mississippi Railway Company* v. *McCartney* (1890), 121 Ind. 385, 387, 23 N. E. 258.

It is obvious here that if the giving of the court's own instructions was erroneous, it was similarly erroneous to refuse those offered by appellant.

We now proceed to a consideration of the question of whether the court should have permitted the jury to fix the punishment for the misdemeanor of driving while under the influence of liquor.

The statutes we are called upon to construe are the Acts of 1927, ch. 200, §§1, 2 and 3, p. 574 (Burns' §§9-1819, 9-1820 and 9-1821), as they are affected by the Acts of 1939, ch. 48, §54, p. 289; Acts 1955, ch. 171, §2, p. 440 (Burns' Statutes §47-2003).

These statutes provide so far as applicable as follows:

"When the defendant is found guilty *the jury* except in the cases provided for in the next three [two] sections, *must state in the verdict the amount of fine* and punishment to be inflicted; . . . ." Acts 1927, ch. 200, §1, p. 574, being Burns' §9-1819, 1956 Repl., *supra.* (Emphasis supplied.)

The next two sections referred to deal with felonies covered by the indeterminate sentence law and provide:

"*In all cases of felony*[4] tried hereafter, before any court or jury in this state, if the court or jury find the person on trial guilty of a felony, it shall be the duty of such court or jury to further find and state whether or not the defendant is over sixteen years of age and less than thirty years of age. If

---

4. Felonies are defined by statute as follows:
"All crimes and public offenses which may be punished with death or imprisonment in the state prison shall be denominated felonies; all [and] all other offenses against the criminal law shall be denominated misdemeanors." Acts 1905, ch. 169, §1, p. 584, being Burns' §9-101, 1956 Repl.

such defendant be found to be within said ages . . .
*it shall only be stated in the finding* of the court
or the *verdict of the jury* that the defendant is
guilty . . . and that his age is . . . ." Acts 1927,
ch. 200, §2, p. 574, being Burns' §9-1820, 1956
Repl., *supra.* (Emphasis supplied.)

*"Whenever any male person* thirty years of age
or over, *shall be on trial for any felony,* except
treason or murder, *the* court or *jury trying the
cause shall ascertain only his age and whether he
is guilty* of the offense charged; . . . ." Acts
1927, ch. 200 §3, p. 574, being Burns' §9-1821, 1956
Repl., *supra.* (Emphasis supplied.)

The Acts of 1939, ch. 48, §54, p. 289, *supra,* as
amended by the Acts of 1955, ch. 171, §2, p. 440, *supra,*
which appellee contends amend the Acts of 1927, ch.
200, §2, p. 574, *supra,* by implication, provides as
follows:

"All proceedings under subsections (a) and (b)
of section 52 [47-2001 (a) or (b) ][5] shall be subject
to the following provisions:

"(1) *If the trial is by jury, the jury shall de-
termine by its verdict whether the defendant is
guilty or not guilty,* and if the verdict is guilty of
reckless homicide or of a second or subsequent
offense of driving a vehicle while under the in-
fluence of intoxicating liquor, the jury shall state
also the age of the defendant." Acts 1939, ch. 48,
§54, p. 289; Acts 1955, ch. 171, §2, p. 440, being
Burns' §47-2003 (1955 Cum. Sup.), *supra.* (Em-
phasis supplied.)

It is obvious that prior to the enactment of the
statute last above set forth, the jury were required

---

5. Burns' §47-2001, (1952 Repl.), (b), in part provides as
follows:
"Any person who drives a vehicle while such person is under
the influence of intoxicating liquor or of narcotic drugs shall
be guilty of a criminal offense. Upon a first conviction, such
person shall be punished by a fine of not less than ten dollars
nor more than one hundred dollars, or by imprisonment in the
county jail or state farm for a determinate period of not less
than ten days nor more than six months, or by both such fine
and imprisonment." Acts 1939, ch. 48, §52, p. 289.

under the acts of 1927, ch. 200, §1, p. 574 (Burns' §9-1819), *supra,* to state *in misdemeanor cases,* such as the one before us, in the verdict the amount of the fine and punishment.[6] The fixing of the fine and punishment by the jury was not necessary *as to felonies covered by the indeterminate sentence law* by reason of the exception to such statute set forth in the two following sections which provided in such cases: ". . . it shall *only* be stated in the finding of the court or the verdict of the jury that the defendant is guilty of the crime charged, naming it, and that his age is —;" Acts of 1927, ch. 200, §2, p. 574 (Burns' §9-1820), *supra,* and again where it is expressly provided: ". . . the court or jury trying the cause shall ascertain *only* his age and whether he is guilty of the offense charged . . . ." Acts of 1927, ch. 200, §3, p. 574 (Burns' §9-1821),[7] *supra.* (Emphasis supplied.)

Now, could the 1939 Act, as amended in 1955 (Burns' §47-2003), *supra,* have modified or amended the 1927 Act (Burns' §9-1820), *supra,* so as to deprive the jury of the right to fix the fine and imprisonment in misdemeanor cases of driving while under the influence of liquor? It did not amend the previous act specifically, and it is our opinion that it cannot be considered to have amended it by implication. There is no language in the subsequent act stating that the jury, in cases involving offenses coming under Burns' §47-2001 (a) or (b), *supra,* should *only* determine defendant's guilt or innocence, but the language does specify the jury shall

6. See also: *Limeberry* v. *State* (1945), 223 Ind. 622, 63 N. E. 2d 697, recognizing the jury's duty in misdemeanor cases generally to fix the fine and punishment.

7. The fine and punishment for felonies not governed by the indeterminate sentence law except treason or murder are to be fixed in the finding or verdict of the court or jury trying the case. Acts 1927, ch. 200 §1, p. 574, being Burns' §9-1819, (1956 Repl.).

determine his guilt or innocence. Is it not reasonable to assume that the legislature would have used the word "only" if it had intended to limit the jury's function in cases such as the one before us, in the same manner as it did in limiting the jury as to certain felonies under the 1927 Act?

This court cannot properly indulge in judicial legislation by writing into a statute a word or words to connote a different meaning from the words plainly used by the legislature. Yet that is what we would be required to do to find the Act of 1927 has been amended by the subsequent independent act.

We accordingly hold that it was the jury's function to fix the fine and imprisonment if the accused was found to be guilty of the misdemeanor of driving while under the influence of liquor, as in the case before us, and that it was error for the court to give its instructions 8 and 9 and to refuse appellant's offered instructions 1 and 2 as to the form of the verdict, and that the trial court erred in overruling appellant's motion for new trial attacking such rulings of the court.

Judgment reversed with instructions to sustain appellant's motion for new trial.

Achor, C. J., and Arterburn, Bobbitt and Emmert, JJ., concur.

NOTE.—Reported in 138 N. E. 2d 290.