STATE OF INDIANA EX REL. DEMERS *v.* MIAMI CIRCUIT COURT.

[No. 1167S125. Filed February 19, 1968.]

*R. M. Rhodes,* of Peru, for relator.

*John J. Dillon,* Attorney General, *Rex Phillip Killian,* Deputy Attorney General, for respondent.

PER CURIAM.—The relator filed a petition for a writ of mandate requesting that the Miami Circuit Court, Miami County, Indiana, and the Judge thereof discharge the relator for delay in her trial under Rule 1-4D of the Rules of the Supreme Court of Indiana in the case of *State of Indiana* v. *Eleanor Demers,* No. CR-16-67.

The chronological order of events prior to the filing of the petition are as follows.

March 26, 1967—Relator was arrested and held in the Miami County jail on open charge and without bond.

March 29, 1967—Miami Circuit Court appointed Richard Rhodes to represent relator as pauper attorney.

April 5, 1967—Relator was indicted by the Miami County grand jury for second degree murder.

May 11, 1967—Relator was arraigned at which time she pleaded not guilty. The Circuit Court Judge informed both counsel that the trial calendar and the jury calendar in this court as of that moment was solidly set until the week after Thanksgiving. Relator's attorney requested the court to set aside a civil case set for trial on June 19, 1967 and replace it with the case at bar. This was accordingly done by the Judge.

May 26, 1967—Relator filed answer of temporary insanity together with a petition for advancement of funds to enable relator to take interrogatories and depositions of out-of-state witnesses, and a petition for advancement of funds for the purpose of employing a psychiatrist to examine relator to determine her present sanity.

June 5, 1967—State of Indiana filed a reply to relator's answer, and an answer to relator's petitions.

In answer to relator's petition for funds to employ a psychiatrist, the state pointed out that when the court has reasonable grounds for believing relator to be insane, it shall order a sanity hearing and appoint two disinterested physicians to examine her pursuant to Burns' Ind. Stat. Anno. (1967 Cum. Supp.) § 9-1706a.

June 5, 1967—State of Indiana filed a petition for continuance based on reasons emanating from relator's petitions.

June 5, 1967—State's petition for continuance was granted by Judge Dice for the reason that the defendant's petitions and the State of Indiana's reply and answers thereto have raised issues which prohibit trial of this case as set.

June 29, 1967—Judge Dice disqualified himself.

June 12, 1967—Hon. Edward J. Meyers, Jr., special judge, qualified.

July 19, 1967—The attorney for relator advised the court that he was going to file a petition for discharge on August 31, 1967. The court advised the attorney that the court would hear the petition in the month of July, but the attorney advised the court that he was going on a fishing trip and preferred not to have the petition heard in July or August.

August 31, 1967—Relator filed petition for discharge.

Argument is heard on relator's petition for appointment of a psychiatrist and her petition for an advancement of funds to take depositions.

September 15, 1967—Court denies relator's petition for discharge, sustains relator's petition for appointment of a psychiatrist and denies her petition for funds with which to take depositions.

Court appoints three physicians to take examination.

September 15, 1967—Court sets trial for October 30, 1967.

September 26, 1967—One of physicians declines appointment and court appoints another.

September 28, 1967—One of physicians declines appointment and court elects not to appoint another.

October 13, 1967—Relator files motion to set aside court order denying defendant's petition for discharge, and files a second petition for discharge with memorandum and a

motion to introduce evidence in support of the petition for discharge.

October 14, 1967—Court sets aside original order denying the first petition for discharge, hears evidence on the second petition. Court overrules both petitions for discharge. Trial is set for October 30, 1967.

November 13, 1967—Petition for a writ of mandate was filed. The application for a temporary writ of prohibition was denied.

It is the relator's contention that she was denied her right for a "speedy" trial pursuant to Indiana Supreme Court Rule 1-4D, and Article 1, § 12 of the Constitution of Indiana, which provides that:

"All courts shall be open; and every man, for injury done to him in his person, property, or reputation, shall have remedy by due course of law. Justice shall be administered freely, and without purchase; completely, and without denial; speedily, and without delay."

This constitutional guarantee is implemented by Supreme Court Rule 1-4D which provides in pertinent part that:

"1. Defendant in Jail—No defendant shall be detained in jail on a charge, without a trial, for a continuous period embracing more than six (6) months from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge (whichever is later); except where a continuance was held on his motion, or the delay was caused by his act, . . .

"2. Defendant in Jail.—Motion for Early Trial—If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within fifty (50) judicial days from the date of such motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, . . ."

This court has heretofore stated that a defendant who is charging delay in a petition for discharge under Burns' Ind.

Stat. §§ 9-1402 and 9-1403 has the burden to show that the delay complained of was caused by the state and not by the defendant. *Epps* v. *State* (1963), 244 Ind. 515, 524, 192 N. E. 2d 459; *Durrett* v. *State* (1966), 247 Ind. 692, 219 N. E. 2d 814. The same burden is upon the defendant in the application of Supreme Court Rule 1-4D.

The defendant was given her opportunity to sustain this burden on October 14, 1967 at which time the court heard the evidence which was submitted on her behalf, and the trial court found that she had not sustained this burden.

In the case of *State of Indiana ex rel. Milan Uzelac* v. *Lake Criminal Court* (1965), 247 Ind. 87, 212 N. E. 2d 21 it is stated that the Supreme Court by its Rule 1-4D *supra,* did not create the substantive right of a speedy and prompt trial; that right was given by the Constitution. The rule merely prescribed the procedure and method under which that right may be obtained in a judicial proceeding.

In the case on appeal, the rule is certainly applicable. The defendant, however, has not sustained her burden of showing the delay was not her fault. The relator filed an answer of temporary insanity on May 26, 1967 necessarily resulting in delay which was not caused by the state.

Defendant's petition for funds with which to employ a psychiatrist to determine her present sanity made operative the sanity hearing provision, Burns' § 9-1706a, *supra,* since it placed the defendant's sanity in issue. The court became bound at that juncture to appoint two physicians to examine the defendant to testify as to their findings. Burns' § 9-1706a, *supra,* states the following:

". . . if the court shall find that the defendant has not comprehension sufficient to understand the proceedings and make his defense, the trial shall be delayed or continued on the ground of the alleged insanity of the defendant. . . ."

This was instituted by relator's petition and therefore she can not thereafter claim her right to a speedy trial has been

violated for delays caused by the proceedings which she had requested.

Relator contends that a review of the calendar of the Miami Circuit Court for the months of July and August, 1967, indicates that very few cases were disposed of during this period and that the case at bar could have been tried within the prescribed time even though Judge Dice informed both counsel at arraignment that the jury trial calendar was solidly set until the week beginning November 27, 1967.

This had been previously settled in a case heretofore handed down by this court, *Epps* v. *State, supra.* The court stated: "The old adage that hindsight is better than foresight applies to trial courts insofar as their business is concerned." The court concluded that evidence pertinent to the number of days the court was actually trying cases ". . . cannot be material due to the settlement, postponement and dismissal of cases . . . Thus, the allegation by appellant that there was sufficient time to try the case must fail."

Relator's petition for a permanent writ of mandate is denied and the petition dismissed.

Mote, J., not participating.

NOTE.—Reported in 233 N. E. 2d 777.