STATE OF INDIANA V. GROW.

[No. 769S155. Filed November 4, 1970. No petition for rehearing filed.]

*Theodore L. Sendak,* Attorney General, *William F. Thompson* and *Robert F. Hassett,* Deputies Attorney General, for appellant.

*Robinson & Sammons,* of Morocco, *Bowen, Myers, Northam & Soards,* of Indianapolis, for appellee.

PER CURIAM—This is an appeal taken by the Attorney General of the State of Indiana on behalf of the State from a judgment dismissing a criminal action instituted by the State of Indiana by affidavit in two counts charging the appellee with assault and battery with intent to gratify sexual desires, Count One, and assault and battery alone in Count Two.

The only issue in this appeal relates to the appellant's contention that the appellee was not entitled to be discharged under Rule 1-4D for delay in bringing the defendant to trial. Rule 1-4D(3) provides that no person shall be held by recognizance without trial for a period of more than one year from the date upon which the recognizance was taken except as provided in paragraph (1) of the same rule. Paragraph (1) of Rule 1-4D reads as follows:

"Defendant in Jail—No defendant shall be detained in jail on a charge, without a trial, for a continuous period embracing more than six [6] months from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge (which ever is later); except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last mentioned circumstances, the prosecuting attorney shall make such statement in a motion for continuance not later than ten [10] days prior to the date set for trial, or if such motion is filed less than ten [10] days prior to trial, the prosecuting attorney shall show additionally that the delay in filing the motion was not the fault of the prosecutor."

Essentially, the argument is made that the granting of the motion for a change of venue on the request of the defendant was not a delay "caused by his act." The facts are essentially as follows:

Appellee posted his recognizance on January 5, 1968, and was arraigned and pleaded not guilty on February 28, 1968. On March 8, 1968, he moved for a change of venue from the judge. Although two panels were named by the presiding judge, in each case the nominee failed to qualify. As a result, the Supreme Court designated a special judge who qualified on September 7, 1968. The cause was set for trial on the prosecutor's motion on November 11, 1968, and again on the prosecutor's motion on January 23, 1969. On January 31, 1969, appellee filed his verified motion for a discharge for

delay in trial, alleging that no continuance was had on his own motion and that no trial delay was caused by his act. To that motion the prosecuting attorney filed an affidavit stating that defendant's attorney would not consent or agree to try the case on November 11th, since it was a holiday.

The evidence is undisputed that the defendant filed no formal motion for a continuance. Our only consideration in this case must be given to a proper interpretation of the wording of the rule involved when it states the defendant shall not be entitled to count the time to his own credit for the one-year period involved when "the delay was caused by his act." There is nothing in this phraseology which qualifies it with respect to whether or not the act causing the delay was justifiable or meritorious. This is demonstrated in the case of *State ex rel. Demers* v. *Miami Circuit Court* (1968), 249 Ind. 616, 233 N. E. 2d 777, in which case the appellant was indicted for second degree murder and sought discharge, claiming the time the case was delayed by a plea of temporary insanity and the procedure involved in connection therewith should not be charged against her. This Court held to the contrary, that the delay was caused by her act.

There are, however, cases directly on point by this Court that fix the rule in this jurisdiction. In *Colglazier* v. *State* (1953), 231 Ind. 571, 575, 110 N. E. 2d 2, 4, this Court had occasion to say:

"Appellant caused a delay in his trial . . . by his act of filing a motion for change of venue from the county *and for a change of judge*. Such motions necessarily delay the trial of a case." (Underscoring added).

In *Wedmore* v. *State* (1957), 237 Ind. 212, 216, 143 N. E. 2d 649, 651, this Court further said:

"Appellant, by his request for a change of judge, set in motion the chain of events which caused the delay in his trial. Hence he is not entitled to a discharge under § 9-1403, *supra*."

More recently this Court stated in *Norris* v. *State* (1968), 251 Ind. 155, 240 N. E. 2d 45, that where appellant had inaugurated the change of venue proceedings voluntarily, he may not be heard to say that this delay forces his discharge.

Where a change of venue from the county has been granted, we have held the time begins to run anew when the court to which the venue is changed receives the transcript and original papers and assumes jurisdiction. *State* v. *Mabrey* (1927), 199 Ind. 276, 157 N. E. 97. It follows that the time begins to run anew where a change of venue is taken from a judge when the new judge qualifies and assumes jurisdiction. *Norris* v. *State, supra.*

In this case one year had not elapsed when the motion for discharge was granted on January 31, 1969.

The judgment of dismissal by the trial court is reversed and the cause is remanded with directions to reinstate the case for trial.

Hunter, C.J., concurs; Jackson, J., dissents with opinion: Givan and DeBruler, JJ., not participating.

### DISSENTING OPINION

JACKSON, J.—I am unable to agree with the majority opinion herein and dissent thereto.

This appeal principally concerns appellant's contention that the appellee was not entitled to be discharged under Rule 1-4D for delay in bringing the defendant to trial.

The Majority opinion factually states "(t)he evidence is undisputed that the defendant filed no formal motion for a continuance." The record in the case at bar presents the following chronology of events:

1. Affidavit in two counts filed against appellee January 4, 1965;

2. Appellee arrested January 5, 1968, and, on said date, he posted bond;

3. On February 28, 1968, defendant, with counsel, appeared in open court, waived arraignment and entered a plea of "not guilty";

4. Within ten days after arraignment, on March 8, 1968, defendant filed a motion for change of venue from the Judge of the Jasper Circuit Court, on the same day the Judge of that court named a panel;

5. On March 11, 1968, appellee struck a name from the panel;

6. March 15, 1968, the prosecuting attorney struck;

7. July 10, 1968, the prosecuting attorney advised the court that the remaining nominee failed to qualify and requested the court to name a new panel, which the court that day did;

8. July 12, 1968, both parties struck, and again the remaining nominee failed to qualify;

9. August 9, 1968, the Presiding Judge requested the Supreme Court to appoint a Special Judge and certified that the remaining nominees of the two panels had failed to qualify;

10. August 19, 1968, the Supreme Court appointed Frank Dice as Special Judge;

11. September 7, 1968, Frank Dice qualified as Special Judge;

12. October 17, 1968, on motion of the prosecuting attorney, the cause was set for trial on November 11, 1968;

13. Later, on motion of the prosecutor, the cause was set for trial May 19, 1969;

14. January 31, 1969, appellee filed a verified motion for discharge for delay in trial.

The defendant's verified motion for discharge, omitting formal parts, reads as follows:

"Comes now the defendant, Claude Grow, in person and by his counsel, Edwin L. Robinson, and respectfully moves the court to dismiss the above criminal charge pursuant to Paragraph 3 of Rule 1-4D of the Indiana Supreme Court.

Defendant respectfully represents to the court that he has been held by recognizance to answer said charge for more than one year last past without trial, and that there was no continuance had on his motion or trial delay caused by his act.

WHEREFORE, defendant prays that said cause of action be dismissed and that defendant be discharged.

## MEMORANDUM

1. Paragraph 3 of Rule 1-4D of the Indiana Supreme Court provides as follows: 'Defendant on Recognizance.— No Person shall be held by recognizance to answer an indictment or affidavit, without trial, for a period embracing more than one (1) year continuously from the date on which a recognizance was first taken therein; *but he shall be discharged except as provided by paragraph one (1) of this rule.*' (Underscoring added)

2. An examination of this rule clearly shows that it is mandatory and not advisory and that the defendant shall be discharged unless he comes within the exceptions referred to in paragraph 1 of the rule.

3. Paragraph 1 of Rule 1-4D is as follows: 'Discharge for Delay in Criminal Trials.—1. Defendant in Jail.—No defendants shall be detained on a charge, without a trial, for a continuous period embracing more than six (6) months from the date of (sic) criminal charge against such defendant is filed, or from the date of his arrest on such charge (whichever is later) ; *except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar;* provided, however, that in the last mentioned circumstances, the prosecuting attorney shall make such statement in a motion for continuance not later than ten (10) days prior to the date set for trial, or if such motion is filed less than ten (10) days prior to trial, the prosecuting attorney shall show additionally that the delay in filing the motion was not the fault of the prosecutor.' (Underscoring added)

4. An examination of the above paragraph shows that the defendant shall not be discharged in the following circumstances: (a) where a continuance was had on his motion, (b) or the delay was caused by his act, or (c) where there was not sufficient time to try him during such period because of congestion of the court calendar.

5. An examination of the court records in this cause of action shows that the affidavit in two counts was filed in the Jasper Circuit Court on January 4, 1968, and a warrant was issued upon the date to the sheriff of Jasper County for the arrest of the defendant. Bond was set in the penal sum of $500.00. On January 5, 1968, the defendant was arrested by the sheriff of Jasper County, Indiana, and upon the same date posted a cash bond in the penal sum of $500.00.

On February 28, 1968, the defendant appeared in open court with his attorney, the Honorable Robert Wright, and waived arraignment and entered a plea of 'NOT GUILTY.' On March 8, 1968, or within ten days of the date of arraignment, the defendant filed a motion for a change of venue from the Judge of the Jasper Circuit Court.

6. A careful examination of all the records filed in this cause of action show that this motion for a change of venue from the judge filed March 8, 1968, is the only motion of any nature that was ever filed in this cause of action by the defendant other than striking names of prospective judges.

7. Defendant alleges that he has never requested any continuance of this cause of action, nor done anything to delay the trial of the same.

8. Defendant further alleges that the court calendar of the Jasper Circuit Court was not congested, and that there was sufficient time to try said cause of action between January 5, 1968 and January 5, 1969.

9. Defendant further alleges that all of the purported witnesses live within a few miles of the Jasper County Courthouse, and have been available at all times to testify in said cause of action.

10. Defendant alleges that at all times between January 5, 1968 and January 5, 1969, he was available and ready to proceed with the trial of said cause of action; that neither the defendant nor his attorneys have ever filed any motions to have said cause of action continued, nor done anything to delay the trial of said cause.

WHEREFORE, defendant prays that said cause of action be dismissed."

15. On March 15, 1969, argument was had on appellee's motion for discharge, and in connection therewith and on the same day, the prosecutor filed an affidavit which reads as follows:

"Thomas G. Fisher, Prosecuting Attorney in and for the 30th Judicial Circuit of Indiana, being first duly sworn upon his oath deposes and says: that sometime after October 17, 1968 and on or before October 23, 1968, he was advised by Robert B. Wright, then the attorney for the defendant, that he would not be able to consent to try this case on November 11, 1968, as set by the court inasmuch as such was a non-judicial day."

16. On April 16, 1969, the court granted appellee's Motion for Discharge and ordered him discharged. The entry reads as follows:

"The court having heard argument and being duly advised in the premises, on the Defendant's Motion for Discharge, now finds that the defendant should be discharged under Rule 1-4D of the Rules of the Indiana Supreme Court for the reason that the Prosecuting Attorney failed to file a timely Motion for a Continuance, as required by said rule and for the further reason that the failure to try said defendant within the time required by said rule was not caused by the delay of the said defendant by any Motion for Continuance had on defendant's motion nor was said delay caused by any act by said defendant, and for the further reason that the defendant herein, being on recognizance for a period of more than one year continuously from the date on which the recognizance was first taken.

Accordingly, this court has no alternative except to discharge said defendant and release his bond herein.

It is now ordered that said defendant be released and discharge and that his bond herein be released and discharged. Defendant discharged. Judgment on findings."

17. On May 20, 1969, praecipe for transcript was filed.

18. On June 3, 1969, the clerk of the Jasper Circuit Court certified the transcript.

19. On July 9, 1969, appellant filed its transcript and assignment of errors with the clerk of this court. The Assignment of Errors, in pertinent part, reads as follows:

"1. The Court erred in granting Appellee's Motion for Discharge; and

2. The court erred in discharging Appellee."

Appellant's argument is as follows:

"Since both of the assigned errors raise substantially the same question, Appellant will argue them as one.

The court assigned three (3) reasons for discharging Appellee: (a) the Appellee was held on recognizance for a period of more than one (1) year continuously from the date on which the recognizance was first taken; (b) the delay in trial was not caused by any continuance on Appellee's Motion or by any other act of his; and (c) the prosecutor failed to file timely a motion for continuance, as provided in Rule 1-4D. Each reason is without merit.

1. Delay in Trial Was Caused By Appellee's Act of Moving for Change of Venue from Judge.

Under this proposition Appellant will show that reasons (a) and (b) given by the trial court lack merit.

Rule 1-4D provides, in pertinent part, as follows:

'3. Defendant on Recognizance.—No person shall be held by recognizance to answer an indictment or affidavit, without trial, for a period embracing more than one (1) year continuously from the date on which a recognizance was first taken therein; but he shall be discharged *except as provided by paragraph one (1) of this rule.*' (Underscoring added)

Paragraph one (1) of the rule provides as follows:

'Discharge for delay in criminal trials.—1. Defendant in Jail.—No defendant shall be detained in jail on a charge, without a trial, for a continuous period embracing more than six (6) months from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge (which ever is later); *except where* a continuance was had on his motion, or *the delay was caused by his act,* or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last mentioned circumstances, the prosecuting attorney shall make such statement in a motion for continuance not later than ten (10) days prior to the date set for trial, or if such motion is filed less than ten (10) days prior to trial, the prosecuting attorney shall show additionally that the delay in filing the motion was not the fault of the prosecutor.' (Underscoring added)

The above rule, promulgated in 1965, superseded in part Burns' § 9-1403, the three-term statute. However, in in-

terpreting Rule 1-4D, this Court has held that the decisions under that statute are also applicable to the rule. State ex rel. *Demers* v. *Miami Circuit Court* (1968), 249 Ind. 616, 233 N.E. 2d 777.

Prior to Rule 1-4D this Court repeatedly held that a motion for a change of venue is a dilatory motion. In *Colglazier* v. *State* (1953), 231 Ind. 571, 110 N. E. 2d 2, the Court stated:

'Appellant caused a delay in his trial * * * by his act of filing a motion for change of venue from the county *and for a change of judge.* Such motions necessarily delay the trial of a case.' (Underscoring added)

In *Wedmore* v. *State* (1957), 237 Ind. 212, 143 N. E. 2d 649 the Court said:

'Appellant, by his request for a change of judge, set in motion the chain of events which caused the delay in his trial. Hence he is not entitled to a discharge under § 9-1403, *supra*, citing cases.'

More recently, this Court stated in *Norris* v. *State* (1968), 251 Ind. 155, 240 N. E. 2d 45, that where the appellant had inaugurated the change of venue proceedings voluntarily he may not be heard to say that this delay would necessitate his discharge.

'In the case at bar, Appellee did not file any motion for continuance. However, he did file a motion for change of venue from the judge. In doing this act, he initiated the delay in his trial. The chronological sequence of events up to the time of discharge is as follows:'

(This sequence is omitted here as it has already been incorporated herein.)

The sequence shows that the delay caused by the filing of the motion for change of venue from the judge amounted to six (6) months. The unusual length of time required for the special judge to qualify resulted from the failure of the remaining nominees of the two (2) panels to qualify. It was necessary for this Court to appoint the special judge. Although Appellee probably did not anticipate the chain of events which following (sic) the filing of his venue motion, nevertheless the delay was attributable to his own act. He set that chain of events in motion. *Wedmore* v. *State, supra*. It is interesting to note that it was the prosecutor, *not the Appellee,* who advised the court on July 10, 1968, that Thomas Dumas had failed to qualify.

Further, this Court has held, in the interpretation of

Burns' § 9-1403, that the three-term rule started to run the first term after the change of venue from the county was perfected, and the time which had accrued prior to the appellant's request for change of venue was lost. *State* v. *Mabrey* (1927), 199 Ind. 276, 157 N. E. 97. And in *Norris* v. *State, supra*, this Court, applying Rule 1-4D, referred to the time beginning to run from the date on which the change of venue had been perfected, and held that where the motion to dismiss had been filed only five (5) months after the change of venue had been perfected, the motion had been properly overruled.

Therefore, in the instant case, the one (1) year period designated in Rule 1-4D began to run from the date Special Jude Dice qualified, which was September 7, 1968. When Appellee was discharged on April 16, 1969, he had not been held on recognizance for more than one (1) year continuously from the date the recognizance was first taken. Although more than one calendar year had passed, his act of filing his venue motion caused delay, and the one (1) year period began to run when the special judge qualified.

2. Prosecutor's Failure, If Any, To File Timely Motion for Continuance Is Not Relevant.

The failure, if any, of the prosecutor to file a timely motion for continuance *after* the special judge had qualified, in no way vitiates the effect of the delay caused by Appellee's motion for venue change. Prior to the filing of the venue motion, the prosecutor had not filed any motion for continuance. The first delay was caused by Appellee's act, and whether additional delay was caused by the prosecutor or the court afterwards would not mitigate the delay caused by Appellee.

Further, it is clear from Rule 1-4D, paragraph one (1) that the prosecutor's motion for continuance becomes relevant *only* when the delay is occasioned by a congested court calender which would not permit defendant to be tried within the one (1) year period. In that circumstance, the Rule states, the prosecutor must file such a motion. Clearly the rule does not make the motion relevant under a delay caused by the act of the defendant." (Appellant's Brief, pp. 9-15)

Appellee's Reply Brief devotes attention to each of the cases cited by appellant and distinguishes them from the case at bar. He further goes, at length, into the constitutional requirements of Indiana and the implementing statute, Burns'

§ 9-1403, 1942 Replacement (former Rule 1-4D), now, under the rules adopted effective January 1, 1970, being Criminal Rule 4.

For convenience we will address the cases in the order they are cited in the briefs. Appellee states:

"An examination of the cases cited by the appellant will show that they are not of controlling merit in the instant case. The first case cited, *State ex rel. Demers* v. *Miami Circuit Court* (1968), 249 Ind. 616, 233 N. E. 2d 777, was a case in which the appellant was indicted for second degree murder and sought a discharge on the ground that she had been denied her constitutional right to a speedy trial where, after the case had already been set for trial for June 19, 1967, relator filed an answer of temporary insanity on May 26, 1967, which, by reason of the procedure involved in regard thereto, necessarily resulted in delay of the trial, directly attributed to relator. As applied to the facts of this case, in which the defendant timely and promptly filed his motion for a change of venue from the judge within 10 days from his arraignment, on March 8, 1968, and where the record here shows that this was the only motion or request of any kind that was ever filed by this defendant in this action, other than in striking names of prospective judges from the successive panels of judges which he did, as shown by the record, more promptly than the prosecuting attorney." (Appellee's Brief, pp. 9, 10)

We further point out that in the cited case the appellant, defendant there, had twice filed applications for discharge in the trial court under Rule 1-4D, both of which were denied. She thereafter in this court filed an original action "A Petition for a Writ of Mandate" to require the trial court to discharge appellant for delay in trial. The situation there and in the case at bar are vastly different. Two rules distinguish the cases. (1) The rule of this Court that if there is any evidence to sustain the judgment of the trial court it will be sustained; (2) Original actions for writs are viewed with disfavor. Counsel will not be allowed to use such writs as a vehicle for circumventing the normal appellate process. Writs will be granted only when a denial would result in extreme hard-

ship. The distinguishing feature between the cited case and the one at bar is that *in the case at bar appellee successfully discharged the burden of showing he did not cause the delay complained of,* as evidenced by the judgment of the court discharging him. Therefore, the cited case supports the appellee, not the appellant.

"The second case relied upon by appellant is *Colglazier* v. *State* (1953), 231 Ind. 571, 110 N. E. 2d 2. On page 11 of appellant's brief, the appellant has set forth a quotation of five lines taken completely out of context, as follows:

'Appellant caused a delay in his trial * * * by his act of filing a motion for change of venue from the county *and for a change of judge.* Such motions necessarily delay the trial of a case.' (Underscoring added)

The full context of the statement on page 4 of the Supreme Court opinion is as follows:

'The terms of the Harrison Circuit Court begin on the first Monday of January, March, May, September and November of each year. Section 4-332, Burns' 1946 Replacement. After the filing of the amended affidavit on March 19, 1951, appellant caused a delay in his trial until the May term, 1951, by his act of filing a motion for a change of venue from the county and for a change of judge. Such motions necessarily delay the trial of a case.

However, at no place in the record does it appear that the delay in bringing appellant to trial after the March term was caused by any act of his. On the contrary, the delay in the May term was caused by the action of the prosecuting attorney in filing a motion for change of judge four days before the date of trial and seven days before the end of the term.'

The opinion of the Supreme Court fully supports the position of the appellee in this appeal. The Court recognizes that there is some necessary delay upon the filing of a motion for change of venue but any ensuing delay is not mandatorily chargeable to the defendant. The decision of the Supreme Court in this *Colglazier* case is directly opposite to the position of the appellant in this appeal, and the Supreme Court in the unanimous opinion in that case held that even though the defendant filed a motion for change of venue, the delay in bringing him to trial was not caused by any action of his, considering the circumstances of that case. Certainly constitutional guarantees in

the State and Federal Constitutions for a speedy trial would mean little if a defendant would be charged with the delay occasioned by the refusal of two successive panels of judges to qualify with the later appointment of a judge by the Supreme Court and the later action of the prosecutor in finally asking that the cause be set for trial almost five months after expiration of a year. Such rule would tend to discourage a defendant who was on recognizance or in jail from even considering asking for a change of venue if he was to be chargeable with the delays occasioned by judges who may refuse to qualify and for all the procedures which may result through all of the actions of the judiciary and the state.

From the facts and records in this case, the resulting delay following the appellee's motion for a change of venue from the judge cannot be said to have arisen by the reason of the defendant's filing of such motion for a change of venue from the judge, and certainly the defendant in the instant case should not be held responsible for, nor required to, predict that there would be such delays as there was in the trial of this cause as a result of the action of defendant herein in moving for a change of venue.

The Court further stated in its opinion in the *Colglazier* case, *supra,* at page 4 and 5 that the statute as to discharge for delay 'will be strictly construed and all doubts resolved in favor of the accused.' Citing *Zehrlaut* v. *State* (1951), 230 Ind. 175, 102 N. E. 2d 203; *State* v. *Kuhn* (1900), 154 Ind. 450, 453, 57 N. E. 106; Ewbank's Indiana Criminal Law, 2d Ed. 437, p. 288:

Appellee contends that the delay occasioned in the September term was caused by the court's error and could not be properly charged to the state. We are not impressed by this argument. The statute does not say that the person shall be discharged if his trial is delayed beyond three terms by an act of the prosecuting attorney, but does say that he (the person held) shall be discharged *unless a continuance be had upon his own motion or the delay be caused by his act.* It makes no difference whether the delay is caused by the prosecuting attorney or the court, so long as it is not caused by an act of the accused.

The delay in the November term resulted from the combinded acts of the prosecuting attorney and the court and from no act of appellant.

It is not contended that the motion to dismiss was denied because the court believed that there was evidence for the state which could not then be had, that a reasonable effort

had been made to procure it, and there was just ground to believe that it could be had at the next term. See Acts 1905, ch. 169, sec. 221, p. 584, sec. 9-1404, Burns' 1942 Replacement.

Appellee suggests that a strict enforcement of the provisions of sec. 9-1403, Burns' 1942 Replacement, *supra,* will put prosecuting attorneys 'to a serious disadvantage' in securing a trial within three terms of court if they desire to avail themselves of the right to a change of judge. It is our opinion that if the provisions of rule 1-12 of this court pertaining to the selection of special judges are diligently followed, full advantage of the right to a change of judge may be taken by the state without dnger of discharging the accused under the provisions of said sec. 9-1403, *supra.*" (Appellee's Brief, pp. 10-14)

We point out that in the cited case the appellant, defendant there, had filed his application for a discharge under Rule 1-4D which application had been denied in the trial court. There, on appeal, the cause was reversed for the failure of the trial court to grant the relief sought. Again we have the distinguishing feature in the cited cases; there the trial court on application *refused* to grant the relief sought and as a result, on appeal to this Court, was reversed. In the case at bar the defendant-appellee was by the trial court *granted* the relief sought and thus sustained the burden of defendant showing he did not cause the delay he complained of. The judgment of the trial court supports the position of the appellee in the case at bar, and, under our rules, if there is any evidence to sustain the same the judgment of the trial court must be sustained.

The case of *Wedmore* v. *State* (1957), 237 Ind. 212, 143 N. E. 2d 649 is cited by the appellant. The appellant-defendant there had filed his application for a discharge under the statute § 9-1403 Burns' 1956 Replacement and had been denied relief by the trial court. Appellee's argument is:

"In the *Wedmore* case, the Court cited the case of *Shewmaker* v. *State* (1956), 236 Ind. 49, 138 N. E. 2d 290. In this case, the circumstances and evidence of the delay in

support of the defendant appellant's motion to dismiss was not properly certified to and was not approved by the trial judge, and it was upon that basis that the court overruled the motion and in so doing, stated:

'We recognize that the discharge statute is to be so construed that all doubts are to be resolved in favor of the accused, but without the evidence before us we must presume that the evidence below was sufficient to sustain the findings of the trial court.'

In the footnote on p. 292 of the opinion the court cites *Zehrlaut* v. *State,* 230 Ind. 175, 102 N. E. 2d 203, and *Colglazier* v. *State, supra.*

An examination of the decided cases shows how the courts of Indiana have zealously protected a defendant's rights under Article 1, Sec. 12 of the Indiana Constitution and the guarantees of the Sixth Amendment to the Constitution of the United States, wherein the right to a speedy trial is guaranteed. Article 1, Sec. 12 of the Indiana Constitution reads as follows:

'Section 12. Courts open—Due course of law—Administration of justice.—All courts shall be open and every man, for injury done to him in his person, property, or reputation, shall have remedy by due course of law. Justice shall be administered freely, and without purchase; completely, and without denial; speedily, and without delay.'

A consideration of the historical development of such case law in the protection of the rights of accused to a speedy trial in the courts of Indiana shows that some of the earlier cases, *State* v. *Beckwith* (1944), 222 Ind. 18, 57 N. E. 2d 193, the Supreme Court held that a demand for trial, resistance to postponement or some other efforts to secure a speedy trial must be made by the accused to entitle him to a discharge on the ground of delay where the accused has been admitted to bail or is not within the custody of the Court. This position was affirmed in the same year in the case of *Chelf* v. *State* (1944), 223 Ind. 70, 58 N. E. 2d 353; however, in 1951, in the case of *Zehrlaut* v. *State,* 230 Ind. 175, 102 N. E. 2d 203, the rule of the *Beckwith* and *Chelf* cases was expressly overruled, on page 207 of such opinion. In that case, the defendant filed a motion to quash the affidavit, and the Court reversed the conviction of a defendant, with instructions to sustain appellant's motion to dismiss the action for delay in bringing the case to trial. The Court in this opinion stated:

'The statute, sec. 9-1403 Burns' 1942 Replacement, *supra,*

is a limitation upon the right of the state to hold a person by recognizance to answer a criminal charge. Being a practical implementation of Art. 1, Sec. 12 of the Indiana Constitution, it casts no burden upon the defendant, but does cast an imperative duty upon the state and its officers, the trial courts and prosecuting attorneys, to see that a defendant held on recognizance is brought to trial agreeable with this section of the constitution and its implementing statute. It is not a fault of the defendant if he remain silent while under recognizance, on the contrary, that is his right. He is not required to make any demand of the state or the court for a speedy trial. That demand is effectively made for him by the constitution and its implementing statute, and this demand thus made the state may not ignore without incurring the penalty provided by the statute. A contrary statement made by this court in *Chelf* v. *State* (1944), 223 Ind. 70, 58 N. E. 2d 353, is hereby overruled.

Since the enactment of the statute upon which the motion to dismiss is based, it cannot be said that courts have no definite rule by which to determine what is an unlawful delay in bringing a defendant to trial, who is held under recognizance bail. Neither is it possible for trial courts to balance the interests of organized society that an offender against its laws shall not go free and those of the individual that his trial shall not be delayed.' The statute is constitutional and it is binding upon the state, the defendant and the courts. No court has jurisdiction to amend or disregard either the constitution or its implementing statute, nor can a court exercise a judicial discretion exceeding the limitations thereby imposed. To the extent *State* v. *Beckwith* (1944), 222 Ind. 618, 57 N. E. 2d 193, *supra,* is in conflict with this opinion it is disapproved." (Appellee's Brief, pp. 14-17)

Again we point out that in the cited case the trial court denied the relief and on appeal, taking into account other matters as well, the judgment of the trial court was affirmed. The case cited is distinguished from the case at bar in that in the case at bar the appellee sustained his burden and was granted relief by the trial court. This judgment under our rules should be affirmed.

The majority opinion next discusses the case of *Norris* v. *State* (1968), 251 Ind. 155, 240 N. E. 2d 45 and there holds:

"* * * that where appellant had inaugurated the change of venue proceedings voluntarily, he may not be heard to say that this delay forces his discharge.

Where a change of venue from the county has been granted, we have held the time begins to run anew when the court to where the venue is changed receives the transcript and original papers and assumes jurisdiction."

Again the distinguishing feature of the cited case is that there appellant *unsuccessfully sought a discharge* based on the ground that appellant there was not tried within one year. In the cited case appellant filed not one, but two motions to dismiss. The court stated:

"[3] Appellant's first motion to dismiss was filed on November 21, 1966. This motion came only about five (5) months after the change of venue which was requested by the appellants had been perfected. The appellants had inaugurated the proceedings voluntarily and of their own free will. They may not now be heard to say that this delay would necessitate their dismissal. Indeed, before this change of venue, the defendants had petitioned for and had been granted continuances and also had delayed the proceedings in other ways. Therefore, we hold that the first motion to dismiss was properly overruled.

\* \* \* \* \*

[4] There is insufficient evidence in the record from which we are able to draw a conclusion with any degree of certainty, as to exactly what transpired after the appellant's change of venue was perfected to Sullivan County. The appellant made no allegation in his second motion to dismiss that he was free from contributing to the delay in any way. His motion, standing alone, is inadequate in this regard, and without evidence, or a verified allegation alleging at whose insistence this cause was delayed, we cannot say as a matter of law that appellant is entitled to be discharged under Rule 1-4D (*supra*). Therefore, we hold that the Trial Court was correct in its overruling of appellant's motion." *Norris* v. *State* (1968), 251 Ind. 155, 240 N. E. 2d 45.

In the case at bar appellee successfully sustained the burden of proof in the trial court and was granted the relief sought

by judgment of that court. Under our rules the judgment of the trial court should be affirmed.

The case of *State* v. *Mabrey* (1927), 199 Ind. 276, 157 N. E. 97, is hardly in point since in that case the affidavit for change of venue from the county was filed on the morning the case was set for trial. Furthermore, the cases, later in time than *Mabrey,* cited by the appellant, the appellee and the majority opinion indicate the rule therein enunciated no longer applies in view of the constitutional requirement and implementing statute since supplanted by rule.

From a careful consideration of all the factors and the law here involved it appears that the judgment of the trial court should in all things be affirmed.

NOTE.—Reported in 263 N. E. 2d 277.