HARBOR *v.* MORGAN.

*A.* executed to *B.* a note payable at a day specified, in money or wheat at the customary prices at *F.*, &c.  *Held*, that a demand of the wheat was not necessary before suit.  *Held*, also, that the wheat was to be delivered at *F.*

An accord, to be pleaded in bar, must have been executed.

When evidence is pertinent to the issue, it should be admitted, however little it may seemingly tend to prove.

Monday,
May 30.

ERROR to the *Randolph* Circuit Court.

STUART, J.—Assumpsit on a note due *October* 1, 1849, payable in money or wheat, at the customary price at *Fairview*, in said county.   Breach, that the defendant had failed to pay the money, or in anywise comply with the conditions of said note.

The defendant filed the general issue and two special pleas.   Demurrers to the second and third pleas sustained, trial by the Court, and judgment for the plaintiff below. The second plea avers his readiness to pay in wheat on, &c., at his farm near *Fairview*, &c.   The demurrer to this plea was correctly sustained.   The time of payment was fixed by the contract, and no demand before suit was necessary.   1 Ind. R. 224.   As wheat is not generally classsed by the authorities among cumbrous articles, no inference

can be drawn that the parties intended *Harbor's* farm to be the place of delivery.

The third plea alleges an agreement made in *December,* 1849, between *Jernagan,* the holder of the note, and the defendant below, to the effect that if *Harbor* would procure for the defendant a certain pacing horse which was specified, he, *Jernagan,* would accept, and receive the horse instead of the wheat, in payment of the note. And *Harbor* avers that he purchased the horse and sent him to *Jernagan;* but that the latter refused to receive him, &c.

This plea is also bad. It lacks the acceptance of *Jernagan* to make it a bar to the action. Perhaps *Harbor* may have a remedy against *Jernagan* on the collateral agreement.

It appears that the defendant below offered the several matters contained in his special pleas, with some other additional matter, under the general issue. But the plaintiff below objecting, the Court sustained the objection, and excluded the evidence. This ruling was erroneous. The Court could not know beforehand what *Harbor* might be able to prove. Neither might *Harbor* himself know what was in the breast of his witnesses. Many cautious men will not disclose what they do know till they are under oath. Whether the evidence was a complete defence, was not the question to be determined at that stage of the case. That could only be settled when the testimony was judicially submitted, and the defence closed. Perhaps *Harbor* might have been able to make up the broken links in one or other of his special pleas. It was, at least, his right to try. The evidence was pertinent to the issue. If it tended to support the defence—tended to make a single link in that defence, it should have been admitted.

As the case goes back for trial, it may be proper to suggest another matter. The demurrer to the pleas goes back through the record. If the declaration is bad, the Court erred in sustaining the demurrer to the subsequent pleading. Either the authorities are at fault, or the decla-

ration is insufficient on general demurrer.   1 Chitty Pl.
334.—1 Steph. N. P. 383.

*Per Curiam.*—The judgment is reversed with costs.
Cause remanded, &c.

T. J. *Sample* and W. A. *Peelle*, for the plaintiff.

D. *Kilgore*, for the defendant.