HENDRICKS *v.* THE STATE.

PERJURY.—INDICTMENT.—Where in an indictment for perjury in giving false testimony on the trial of a cause, the materiality of the evidence alleged to be false is shown by the nature of the case, no express averment of its materiality is necessary.

SAME.—EVIDENCE.—Where on the trial of an indictment for perjury there is the positive testimony of one witness in support of the indictment, the corroborating testimony required by the statute to authorize a conviction need not be equivalent to the positive evidence of a witness.

APPEAL from the *Marion* Criminal Circuit Court.

FRAZER, J.—The appellant was indicted for perjury in giving evidence in an examination, before the mayor of *Indianapolis*, of one *William Parker* for bigamy, in marrying the appellant, *Sarah E. Hendricks*, he having another wife living. It is charged that she testified on that occasion, that *Parker* never was married to her, and that she never was with him in *Johnson* county, where the marriage was alleged to have occurred. There was a jury trial, resulting in a verdict of guilty. Motions for a new trial and in arrest of judgment were overruled, and judgment rendered on the verdict.

It is objected to the indictment that it does not sufficiently aver that the testimony upon which the perjury is assigned was material to the issue. No express averment was necessary upon that subject in this case. The materiality of the evidence appeared conclusively from the nature of the case in which it was alleged to have been given. The charge, to-wit, bigamy, in marrying the appellant, necessarily, as a matter of law, made material evidence that no such marriage took place. An express allegation of the mere legal proposition was not necessary. The courts will take notice of the public law of the land though it be not pleaded.

The traverse of the truth of the evidence upon which the perjury was assigned was supported by the positive testi-

mony of a half-brother of the appellant, one *Dunderburg*, who swore that he was present at the alleged marriage in *Johnson* county, in *January*, 1865, and was present in the clerk's office when the license was issued, and by a marriage record from that county, showing a marriage between "*William Parker*" and "*Sarah E. Hendricks*," on the 12th of *January*, 1865. Aside from the testimony of the half-brother, there was no positive evidence to identify the persons named in the marriage record as being the *Parker* and *Hendricks* charged with bigamy. The maiden name of the accused was *Dunderburg*, and *Parker* had lived at Mrs. *Dunderburg's*.

We are asked to say that the evidence was insufficient to support the verdict, upon the ground that the direct testimony of *Dunderburg*, falsifying the evidence of the accused before the mayor, was not adequately corroborated. We do not agree with the proposition of the appellant's counsel, that the corroborating evidence must, in such a case, be equivalent to the positive testimony of a witness. The law, as now administered, is otherwise stated by Mr. *Greenleaf*, and his statement of it is well sustained by sound reason, as well as modern authorities. 1 Greenl. Ev., §§ 257—260; *The United States* v. *Woods*, 14 Pet. 440. Upon every point but the identity of the parties, the marriage record was the most conclusive evidence, and, as to the identity, the agreement between the witnesses and that record as to the date, and the inferences springing from the fact that *Parker* lived at Mrs. *Dunderburg's*, were some evidence, so that if the question had been properly left to the jury it would be improper for us to disturb the verdict.

But the jury was instructed that unless there was some extraneous fact in evidence to raise a doubt of the identity of the parties, the presumption was that they were the same parties. This we think was error. We think the question was one of fact and not of law, and that it was therefore the province of the jury, and not of the court, to judge whether the marriage record was, alone, evidence strongly

corroborating the witness as to the marriage of these identical persons. The names being the same, was a fact from which the jury, not the court, might draw an inference; it was some evidence, but whether sufficient or not, it was not for the court to say.

The judgment is reversed, and the cause remanded for a new trial, with directions that the prisoner be returned to *Marion* county, &c.

*B. K. Elliott* and *J. Milner*, for appellant.

*D. E. Williamson*, Attorney General, for the State.