SULLIVAN *v.* STATE OF INDIANA: FLICK *v.* STATE
OF INDIANA.

[Nos. 27,135 and 27,136, respectively. Filed March 13, 1939.]

*Joseph H. Conroy,* and *William J. Glendening,* for appellants.

*Omer S. Jackson,* Attorney General, and *Thomas Longfellow,* Deputy Attorney General, for the State.

FANSLER, J.—These cases are identical. They are appeals from judgments of the Criminal Court of Lake County, finding the appellants guilty of robbery.

The cases were submitted to the court for trial, without the intervention of a jury, in April, 1935, and the evidence heard. The cases were taken under advisement by the court, pending the disposition of other cases against the defendants which were appealed to this court. The record shows notations of continuances on ten separate occasions. Finally the court fixed June 20, 1938, for final disposition of the cases. On that date the defendants filed verified motions for leave to further cross-examine two witnesses for the purpose of showing that they had, since testifying, made statements that they were in doubt as to the identity of the robbers, and in the event they denied making such statements the defendants desired to introduce impeaching evidence. The motions were denied, and error is predicated upon the result.

The question presented to the trial court by such a motion is of the same character as that presented by a motion for a new trial on account of newly discovered evidence. It is the duty of the trial court to take into consideration the probable probative force of the matter sought to be developed in the light of the evidence already received, and to consider whether the new evidence would probably produce a different result than that which would be reached from the evidence already in. In these cases the trial was by the court and all of the evidence put before the trial judge. Three witnesses, other than the ones sought to be re-cross-examined, had testified positively to the identity of the robbers. The trial judge had heard the witnesses testify and had a right to consider their credibility. It may be that the trial judge considered that, even though the two witnesses in question had after-

ward expressed a doubt, the evidence of the other three was sufficient to convince him, who was the sole trior of the facts, that the defendants were the guilty parties. No one could be in a better position to know whether evidence that the two witnesses in question had afterward expressed a doubt, would affect the result. It cannot be said that an abuse of discretion has been shown. See *Sullivan et al.* v. *State* (1937), 212 Ind. 79, 6 N. E. (2d) 951; *Rector et al.* v. *State* (1937), 211 Ind. 483, 190 N. E. 172, 7 N. E. (2d) 794; *Gavalis* v. *State* (1922), 192 Ind. 42, 135 N. E. 147.

On the day fixed for final disposition of the cases, the defendants filed identical motions to be discharged for delay of more than three terms in disposing of their cases. They rely upon section 9-1403 Burns' Ann. St. 1933, section 2239 Baldwin's Ind. St. 1934, which provides that no person shall be held without trial for a period embracing more than three terms of court. The delay here involved was after the trial had begun. It occurred between the trial proper and the rendition of judgment, but we pass the question of whether such a situation is within the statute. The last entry of a continuance upon the court's record was on June 12, 1936. It is as follows: "Comes now the State of Indiana by its Prosecuting Attorney and this cause is now continued for finding and judgment until September 15th, 1936." When the motions to be discharged were heard the court called the deputy prosecuting attorney in charge of the prosecutions, who testified that he was in court when the entry above referred to was made, and that the attorneys for the defendants requested that both cases be continued until the cases in the Supreme Court were decided. Neither the defendants nor their attorneys disputed this testimony.

A defendant must show that the delay complained of was caused by the state and not by him, and that it

was not had upon his request or upon his agreement. *McLaughlin* v. *State* (1935), 207 Ind. 484, 192 N. E. 753; *Sprague* v. *State* (1932), 203 Ind. 581, 181 N. E. 507; *Alyea* v. *State* (1926), 198 Ind. 364, 152 N. E. 801, 153 N. E. 775. While the record recites: "Comes now the State of Indiana by its Prosecuting Attorney and this cause is now continued," it does not show at whose request the continuance was had. The testimony that it was at the request of the defendants is not disputed and must be considered conclusive.

We find no error.

The judgments are affirmed.