Medsker *v.* State of Indiana

[No. 28,202.   Filed December 16, 1946.]

*Floyd F. Cook* and *Carl W. Broo,* both of Kokomo, for appellant.

*James A. Emmert,* Attorney General, *Frank E. Coughlin,* First Assistant Attorney General, and *George W. Hadley,* Deputy Attorney General, for the State.

GILKISON, C. J.—In the trial court defendant was charged by indictment in two counts, (1) automobile banditry and being a professional criminal, and (2) automobile banditry, as defined in § 10-4710, Burns' 1942 Replacement. He entered a plea of not guilty, was tried by jury and found guilty of automobile banditry only. He was then sentenced to imprisonment for a determinate period of 12 years. Thereafter his motion for new trial, containing 26 specifications was overruled, and this appeal was taken.

The only assignment of error relied upon is the alleged error in overruling the motion for new trial.

In this appeal there is no controversy respecting the commission of the offense. The only controversy is (1) concerning the admissibility of the evidence by which the identity of the defendant as one of the persons committing the offense was established, and (2) that there is no evidence that the defendant had at the time on or near the premises where the felony was committed,

an automobile by the use of which he attempted to escape.

The evidence shows that about four o'clock in the morning, August 23, 1945, Officer Bowers of the Elkhart City Police, while on his regular shift, noticed a man at the rear door of the Firestone Stores in the City of Elkhart. He then noticed the glass broken in the store door, and observed another man standing near the corner of the building. The men ran and he ran after them. They disappeared down the alley, but he observed their size, their clothing, ornaments worn by one, glasses worn by the other, and that they were bareheaded. He found four automobile tires lying in the alley nearby. An hour or more later he saw the defendant and one Knotts at the police station. They had been apprehended by other members of the police force, while they were driving out of Elkhart together in an automobile, after Officer Bowers had the experience above noted and had given an alarm. Officer Bowers was then asked by the prosecutor to state whether or not in his opinion the man whom he saw at the police department, and whom he later learned to be Charles W. Knotts, was the same person he saw emerging from the door of the Firestone Store. This question was objected to. The objection was overruled, and the answer was "yes." The causes for objection urged here, are (1) "It is not a proper identification of defendant. (2) Conspiracy must first be shown to exist before the accounts of the co-conspirator are admissible, and then only such accounts as are done in furtherance of the conspiracy."

The witness was then asked whether in his opinion the man whom he saw at the police department and whom he learned was Donald E. Medsker (the appellant) was the same person he saw standing in the alley-

way at the south end of the Firestone stores. To this question defendant objected for reasons then stated. The objection was overruled, and the answer was "yes." The reasons for the objection urged here are "the conditions under which the witness was basing his identification were not the same." And "It is an inconclusive way of identifying the defendant."

The witness, having seen each of the two persons at and near the west rear door of the Firestone stores at about four o'clock in the morning, when they ran from him; and an hour and a half later, after he had alarmed the city police, seeing the defendant and the man Knotts at police headquarters, was certainly competent to give his opinion as to whether they were the same persons he had seen at and near the store door.

"Identification is almost always a matter of opinion or belief" concerning a fact. 42 C. J. S. 375—*Identification*. "And a conviction may be sustained, although a witness declines to swear positively and testifies merely that he believes accused is the person whom he saw commit the crime." 23 C. J. S., § 920, *Criminal Law*, p. 192. *Commonwealth* v. *Cunningham* (1870), 104 Mass. 545, 547; *State* v. *Franke* (1901), 159 Mo. 535, 542. The question of identity is one of fact and not of law. Therefore all evidence bearing upon the question must be submitted to the jury, and it is for the jury to determine whether it is satisfactory and trustworthy. *Craig* v. *State* (1908), 171 Ind. 317, 323, 86 N. E. 397; *Hendricks* v. *State* (1866), 26 Ind. 493, 494, 495; *Harbor* v. *Morgan* (1853), 4 Ind. 158, 159; 9 Am. Jur. *Burglary*, § 70, p. 274. The evidence was pertinent to the issue of identification and was properly admitted. Its weight was for the jury to determine.

Over appellant's objection police officer, Wayne Silver, was permitted to testify that while Knotts was sitting in the police station with appellant about an hour and a half after Officer Bowers had chased two men from the Firestone Stores, he "observed Knotts wipe his hands in his handkerchief and put it back in his hip pocket," and also that later he and another officer went in and got the handkerchief. Like objections were made to similar evidence by Officer Rudolph Terlep. Over appellant's objection Officer William F. Roth was permitted to testify that he took a towel and wiped talcum "or whatever it is, out of the inside of the tire on the towel," and that he and another policeman took the towel, wrapped it in a separate paper and sealed it, and then took the handkerchief, which was also in a separate envelope, sealed it, and put the two in another package and mailed it to the Technical Laboratory in Washington, D. C."

Over the objection of appellant, Richard W. Flack, a special agent of the Federal Bureau of Investigation, assigned to the F. B. I. Laboratory at Washington, D. C., was permitted to testify concerning his examination under a microscope and with a special light at the laboratory, of the debris he took from the handkerchief, and of that he took from the towel, that he found no difference in the contents of the debris, and on the basis of this examination he concluded that both materials could come from the same source. The reasons for the objections, discussed in appellant's brief, are: (1) The test was not in any way a part of the *res gestae* of the offense. (2) The evidence concerns a party who is not a party to this trial. (3) After a crime is consummated, subsequent declarations and admissions are not admissible in evidence against any one but declarant.

It will be noted that no statement or declaration of Knotts made after the offense was committed or at any other time is contained in this evidence, and therefore the legal rules with reference to the admissibility of statements, declarations or action of a co-conspirator are not applicable to the evidence objected to. *Musser* v. *State* (1901), 157 Ind. 423, 432, 433, 61 N. E. 1. The questioned evidence relates wholly to a physical fact existing at the time of and during the commission of the crime alleged—namely the presence of certain debris on the tires found in the alley near the scene of the crime, and the presence of like debris on the handkerchief of Knotts—appellant's companion on the morning of the crime. There can be no question that this was proper evidence for the jury to consider in determining the identity of the persons who committed the crime. *Musser* v. *State, supra,* p. 433 *et seq.* and cases there cited. 20 Am. Jur. *Evidence,* § 401, p. 361.

That the handkerchief was taken from the pocket of Knotts several days after the crime was committed, might affect the weight of the evidence, but not its competency. In this court only its competency is questioned.

Policeman Silver testified that he received word that Officer Bowers needed help "right away" at Second and Jackson Streets, and he immediately started walking north on the east side of Second Street, when he saw two persons in front of the library hurrying across the street, going west on Lexington Avenue. They went across Second Street about a block away from him. He described them and their dress substantially as Officer Bowers had described them. When they got out of sight it was only a moment till he heard a car door slam. He ran diagonally across the street and saw

a car pull out from the curb on the north side of Lexington Avenue. He gave a description of the car. He then saw the squad car at the corner of Second and Jackson Streets, ran to it, and he and Officer Terlep got in the squad car and started in pursuit of the car he had seen leave Lexington Avenue. They overhauled it and forced it to stop, in the City of Elkhart. Silver recognized the men in it as the ones he had seen hurrying across Second Street and disappearing on the north side of Lexington Avenue near where he saw the car pull out from the curb. They were the man Knotts and the defendant Medsker. They said they were from Muncie. The policemen then took the men to the police station.

Policeman Terlep in the squad car contacted Bowers, and also Silver, near the Firestone Store, about 4:32 on the morning in question. He and Silver immediately started in pursuit of the fleeing car and from this point on his evidence substantially corroborates that of Silver with respect to the arrest and detention of the two men.

This evidence is a rather complete answer to appellant's contention, that there is no evidence that the defendant had at the time on or near the premises where the felony was committed, an automobile by the use of which he attempted to escape. It was proper evidence for the consideration of the jury, and upon which to make its finding with respect to the defendant having such automobile and by which he attempted to escape. There is no merit to this contention of appellant.

Finding no error in the record the judgment is affirmed.

NOTE.—Reported in 70 N. E. (2d) 182.