COLE *v.* STATE OF INDIANA.

[No. 30,865. Filed April 28, 1966. Rehearing denied June 9, 1966.]

*Lewis Davis,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, and *Donald R. Ewers,* Assistant Attorney General, for appellee.

RAKESTRAW, J.—The appellant was charged by grand jury indictment with robbery. After a jury trial, he was convicted, and sentenced to the Indiana State Prison for a period of not less than 10 nor more than 25 years. He filed a motion for new trial alleging substantially that the verdict was not sustained by sufficient evidence and was contrary to law. The overruling of this motion for new trial is the only error relied upon for reversal.

Taking the evidence most favorable to the state, the testimony reveals that on January 23, 1964, witness Iona Marie Simms was in charge of the Imperial Liquor Store, at 2102 North Senate. Shortly after 11:00 p.m., she was talking on the phone when a man came into the store. He went through the gate which separated the customer area from the area behind the counter, came to where the witness was sitting and told her that it was a stick-up. He pulled out a gun, snatched the phone out of her hand and hung it up, and hit her on the right side. He then held the gun at her head, took her to the cash register, and took the money from the cash register. He asked for a bottle of rye, and picked up a fifth of Four Roses. He asked if she had a pocketbook and she answered that she did not. He then told her that she was going with him, but after she stated that she would not, he left the store. The store was well lighted, and she had ample opportunity to see the robber and hear his voice.

The following day, she went to police headquarters and went through a large number of pictures but did not find any that she thought were pictures of the robber. Later, a policeman brought an additional half dozen pictures to her house. She looked through several, and when she came to a picture of the appellant, became quite excited and identified him as the robber. Later, at police headquarters, she picked out the appellant from a line-up, identified him both by voice and by

sight as the robber. She noticed some difference in the appellant's hair and identified him as the robber despite the fact the hair was differently arranged in the line-up than it had been on the night of the robbery. The appellant was a hairdresser and did regularly process his hair and wore it in different ways at different times.

The appellant testified in his own defense and two other witnesses with whom appellant lived testified that they were with him on the evening in question. According to their testimony, the appellant was at the Students' Union Building playing bingo up to 10:30 p.m. on that evening. However, there was also evidence that it was necessary to sign out the ping pong balls and paddles and there was no record of such signing out having been done by the appellant or witnesses on that evening. In addition, the testimony of the defense witnesses covers only the period of time until about 11:00 p.m. Both the appellant and the witnesses testified that the appellant left the house for a short time about 11:00 p.m.

It is the contention of the appellant that the evidence in this cause is not sufficiently definite under the standards set forth in *Baker v. State* (1956), 236 Ind. 55, 138 N. E. 2d 641. We fail to see how this case can aid the appellant. In that case, the witness who identified the defendant had a fleeting glimpse of the defendant in a location that was dark when he was wearing a mask. In addition, the witness in that case had been quite uncertain in her identification at different times, and there was evidence of a large number of witnesses placing the defendant in a location far removed from the scene of the crime at approximately the same time. She had at first identified him sitting alone in the police station when she had been taken there following the incident.

In the case at bar, the witness had ample opportunity to observe the appellant for a considerable period of time in a well lighted storeroom and to hear him speak on several occasions. She was able to identify a photograph of the appellant from among many photographs. She

picked the appellant out of a line-up on a different occasion, and identified him by voice. She was able to note the fact that he was processing his hair and to identify him despite differences in the arrangement of his hair.

The alibi evidence is far from definite and certain, and of course the credibility of the witnesses was an issue to be determined by the jury.

Taking all the evidence as presented below, we are unable to say that there was insufficient evidence to sustain a conviction.

The judgment of the trial court is therefore affirmed.

Myers, C. J., Arterburn & Jackson, JJ., concur. Achor, J., not participating.

NOTE.—Reported in 215 N. E. 2d 865.