## NORRIS *v.* STATE OF INDIANA.

[No. 1267S147.  Filed September 16, 1968.  Rehearing denied December 11, 1968.]

*Dean E. Richards,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, *Michael V. Gooch,* Deputy Attorney General, for appellee.

Lewis, C. J.—This is an appeal from a conviction of the appellant for the crime of Aggravated Assault. The appellant was tried jointly with an accomplice by a jury on Count Two of the Affidavit charging him with Aggravated Assault and Battery.

The evidence elicited at the trial reveals the following. On August 6, 1965, the prosecuting witness was riding in an automobile with four other individuals. The driver of the car pulled into a tavern in Terre Haute, Indiana, ostensibly to purchase more beer. After stopping the car, the driver got out and went for the beverage. At this moment the appellant appeared and the prosecuting witness got out of the car. The two men proceeded to argue over the prosecuting witness' treatment of the appellant's sister, whereupon the appellant struck the victim, knocking him to the ground and breaking his jaw. The three remaining parties in the car witnessed the ensuing fight. Their stories are conflicting as to exactly what happened after the first blow, but taking the evidence most favorable to the State: the appellant hit the victim in the head with a beer bottle and struck him several times more. The victim was impaired by a broken arm which he had previously suffered.

The evidence is also conflicting as to the degree, if any, that the appellant's joint defendant, the driver of the car, aided in the fight. However, the jury chose to believe that the alleged joint defendant had gone for some beer, heard the noise accompanying the incident, and returned; but, that he did not aid the appellant. He was acquitted.

A physician testified that upon the victim's arrival at Union Hospital in Terre Haute, that he was suffering from multiple fractures of the jaw, and other injuries not within the doctor's specialty. He stated that in his opinion the victim had received more than one blow, based upon his examination of the configuration of the fractures.

On appeal, the appellant raises essentially two alleged errors:

1. That the evidence is insufficient to support the verdict of the jury.

2. That the Trial Court erred in overruling appellant's motion for discharge for the reason that the appellant was held for more than one year on recognizance before trial, contrary to Supreme Court Rule 1-4D-3.

The appellant's first alleged error is sub-divided into two areas. The first may be stated as, "There must be testimony or other evidence linking the accused with the matters being attested to." The witnesses all testified substantially that the victim got out of the car, a fight ensued, and the victim was immediately knocked to the ground.

Secondly, appellant states that, "There must be a showing that the person in the courtroom is one and the same as the person designated in the indictment." While it is true that the record does not reveal any of the witnesses expressly pointing out the appellant in the courtroom as "the man," they did testify that they knew the appellant Ronald Norris, and that he was the man they saw fighting with the victim.

In his attack on the sufficiency of the evidence, the appellant is challenging his identification as the victim's assailant.

". . . The question of identity is one of fact and not of law. Therefore all evidence bearing upon the question must be submitted to the jury, and it is for the jury to determine whether it is satisfactory and trustworthy. *Craig* v. *State* (1908), 171 Ind. 317, 323; 86 N. E. 397; *Hendricks* v. *State* (1866), 26 Ind. 493, 494, 495; *Harbor* v. *Morgan* (1853), 4 Ind. 158, 159; 9 Am. Jur. *Burglary,* § 70, p. 274. The evidence was pertinent to the issue of identification and was properly admitted. Its weight was for the jury to determine." *Medsker* v. *State* (1946), 224 Ind. 587, 70 N. E. 2d 182.

On appeal from a criminal conviction where the sufficiency of the evidence is challenged, the Supreme Court cannot weigh

the evidence, but will consider only the evidence most favorable to the State, and the reasonable inferences that may be drawn therefrom to determine whether the jury was warranted in returning a verdict of guilty. *Gilmore* v. *State* (1951), 229 Ind. 359, 98 N. E. 2d 677, *Flowers* v. *State* (1956), 236 Ind. 151, 139 N. E. 2d 185.

Upon reviewing the testimony elicited at the trial, we hold that it was sufficient to establish that the appellant was the victim's assailant.

The second alleged error is based upon Supreme Court Rule 1-4D, (1967), the pertinent parts of which read as follows:

"3. Defendant on Recognizance.—No person shall be held by recognizance to answer on indictment or affidavit, without trial, for a period embracing more than one [1] year continuously from the date on which a recognizance was first taken therein; but he shall be discharged except as provided by paragraph one (1) of this rule."

". . . except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last mentioned circumstances, the prosecuting attorney shall make such statement in a motion for continuance not later than ten [10] days prior to the date set for trial, or if such motion is filed less than ten [10] days prior to trial, the prosecuting attorney shall show additionally that the delay in filing the motion was not the fault of the prosecutor."

The affidavit was filed with the Clerk of Vigo Circuit Court on August 26, 1965. The trial was held on July 10, 1967. On the surface it would appear that the appellant was, indeed, held on recognizance for more than the statutory period of one year.

However, under Rule 1-4D, *supra*, there is the exception that where the delay is caused by the defendant, discharge is not available. *Wedmore* v. *State* (1957),

237 Ind. 212, 143 N. E. 2d 649. Without listing all the proceedings in the record, the following are the key events:

August 26, 1965—Affidavit filed with the Clerk of Vigo County.

September 21, 1965—Defendant's motion granted for continuance of arraignment to September 8, 1965.

February 28, 1966—Defendant's motion for continuance of trial until May 16, 1966.

May 23, 1966—Defendant Norris failed to appear without reason and cause continued until June 1, 1966.

May 27, 1966—Defendants filed an amended motion for change of venue.

June 29, 1966—Venue perfected to Sullivan County and records received.

November 21, 1966—State of Indiana informed Trial Court that Gerry Quinn, the prosecuting witness, was unavailable, having left his home and taken his clothing. Information was given that he had left in a state of fear. State requested a continuance.

November 21, 1966—Defendants object to the continuance and move the Court to dismiss, based on the State's failure to prosecute.

November 29, 1966—Motion to dismiss for reason appellant not tried within one year overruled and State given a continuance.

March 27, 1967—Cause set for trial on April 6, 1967.

April 6, 1967—No indication in transcript as to what transpired this date.

June 14, 1967—Cause set for trial July 10, 1967.

July 7, 1967—Appellant filed motion for discharge because he had not been granted a speedy trial.

July 10, 1967—Motion overruled and trial started.

Appellant's first motion to dismiss was filed on November 21, 1966. This motion came only about five months after the change of venue which was requested by the appellants had been perfected. The appellants had inaugurated the proceedings voluntarily and of their own free will. They may not now be heard to say that this delay would necessitate their dismissal. Indeed, before this

change of venue, the defendants had petitioned for and had been granted continuances and also had delayed the proceedings in other ways. Therefore, we hold that the first motion to dismiss was properly overruled.

Appellant's second motion to dismiss was filed on July 7, 1967. This motion was filed more than twelve months after the change of venue was perfected to Sullivan County. However, there is some question about what transpired on April 6, 1967. Trial was set for this date and then re-set for July 10, 1967. The record does not reveal why or at whose insistence the trial date was changed. Also, the State raised the issue, in opposition to appellant's first motion to discharge, that the prosecuting witness, Jerry Quinn, was put in a state of fear by the appellants, thereby necessitating his hasty departure. While there may or may not be any merit to the State's charges, and the resetting of the trial date could be for many reasons, we cannot say positively from the record that the appellant in any way caused any delay of his trial after the change of venue was perfected to Sullivan County.

Appellant's motion to dismiss of July 7, 1967, omitting the caption and verification, reads as follows:

"Comes now Ronald Paul Norris, and being first duly sworn upon his oath, deposes and says:

1.   That he is defendant in the above entitled cause, charged with the criminal offense of Malicious Mayhem, Count I and Aggravated Assault & Battery, Count II.

2.   That he did more than six months previous hereto file a motion for discharge for the reasons that he had not been granted a speedy trial under the Constitution of the United States of America, the Constitution of the State of Indiana and under the Rules of the Supreme Court.

3.   That more than six months has elapsed since the ruling on said motion to discharge.

4.   That he has not yet been tried on said charge.

WHEREFORE, Ronald Paul Norris, defendant herein, respectfully prays the court that he be discharged in the above entitled cause, that he be released from bond, that the

charge herein be dismissed and held for naught and for all other just and proper relief in the premises."

In *Durrett* v. *State* (1966), 247 Ind. 692, 219 N. E. 2d 814, this Court construed Burns' Indiana Statutes, Anno., (1956 Repl.), § 9-1403, (which was superceded by Rule 1-4D, *supra,* and does not differ significantly under the facts of this case) as follows:

"However, it is also true that a defendant seeking discharge under the statute involved [Burns' Ind. Stat. Anno. § 9-1403 (1956 Repl.)] has the burden of alleging and showing that he did not contribute to or cause the delay. *Epps* v. *State* (1963), 244 Ind. 515, 192 N. E. 2d 459; *State* v. *Beckwith* (1944), 222 Ind. 618, 57 N. E. 2d 193; *Sullivan* v. *State (Flick* v. *State)* (1939), 215 Ind. 343, 19 N. E. 2d 739; *Alyea* v. *State* (1926), 198 Ind. 364, 152 N. E. 801, 153 N. E. 775.

If the defendant did not in fact contribute to the delay, it would have been a simple matter to offer testimony showing that he took no action contributing to the delay and showing that there was time during which the case could have been tried. This the appellants did not see fit to do. By going to trial without submitting evidence to establish the necessary facts to entitle them to discharge, the appellants have waived their right to a prompt trial as defined by the relevant statutes."

See also, *State* v. *Miami Circuit Court of Miami County* (1968), 249 Ind. 616, 233 N. E. 2d 777, wherein Rule 1-4D, *supra,* was construed thusly:

"This court has heretofore stated that a defendant who is charging delay in a petition for discharge under Burns' Ind. Stat. §§ 9-1402 and 9-1403 has the burden to show that the delay complained of was caused by the state and not by the defendent. *Epps* v. *State* (1963), 244 Ind. 515, 524, 192 N. E. 2d 459; *Durrett* v. *State* 1966), 247 Ind. 692, 9 Ind. Dec. 111, 219 N. E. 2d 814. The same burden is upon the defendant in the application of Supreme Court Rule 1-4D.

The defendant was given her opportunity to sustain this burden on October 14, 1967, at which time the court heard

the evidence which was submitted on her behalf, and the trial court found that she had not sustained this burden."

There is insufficient evidence in the record from which we are able to draw a conclusion, with any degree of certainty, as to exactly what transpired after the appellant's change of venue was perfected to Sullivan County. The appellant made no allegation in his second motion to dismiss that he was free from contribution to the delay in any way. His motion, standing alone, is inadequate in this regard, and without evidence, or a verified allegation alleging at whose insistence this cause was delayed, we cannot say as a matter of law that appellant is entitled to be discharged under Rule 1-4D, *supra.* Therefore, we hold that the Trial Court was correct in its overruling of appellant's motion.

This Court has not closed its eyes to the guarantees of the Sixth Amendment to the Constitution of the United States wherein the right to a speedy trial is enunciated. Indeed, our Rule 1-4D, *supra,* is promulgated with the furtherance of this right as its goal. However, in an individual's quest for his substantive rights, he must conform to those procedural requirements which are necessary to implement the desired goals.

The United States Supreme Court made the following comment on the State's promulgation of its procedural rules:

"The State is free to regulate the procedure of its courts in accordance with its own conceptions of policy, unless in so doing it 'offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.' *Snyder* v. *Massachusetts, supra; Rogers* v. *Peck,* 199 U. S. 425, 434, 50 L. Ed. 256, 260, 26 S. Ct. 87. . . ." *Brown* v. *Mississippi* (1936), 297 U. S. 278, 80 L. Ed. 682.

It is our conclusion that the appellant failed to comply with a procedural requirement, and has, therefore, failed in the procedural due process involved.

There being no sufficient grounds for reversal presented to this Court, we affirm.

Arterburn, Hunter and Mote, JJ., concur; Jackson, J., concurs in result.

## ON PETITION FOR REHEARING.

LEWIS, C. J.—The appellant filed a petition for rehearing. He has alleged several grounds which he believes should cause us to reconsider our decision.

After a careful study of these grounds, we feel one was not adequately covered in our opinion. The one claim of error not directly disposed of was appellant's assigned error which concerned whether or not the record was sufficient to show that appellant was present in the courtroom during his trial.

We agree with petitioner that it is a fundamental right that an accused individual has a right to be present in the courtroom during his trial. However, we do not share the petitioner's view that it is encumbent upon the State to show that he was in fact present and that it is reversible error for it not to have done so. In other words, petitioner is requesting this Court to reverse the conviction because it was not shown whether or not the defendant was present.

Petitioner is not alleging that the defendant was not present, nor has he favored the Trial Court in his Motion for New Trial with any affidavits or other proof indicating such an absence. He is only alleging that the record does not adequately indicate such a presence.

While we feel that the record could be clearer on this point, there are at least three passages in the record which indicate that the defendant was present during the trial.

The transcript of the case brought before this Court states, on the day evidence was heard:

"Comes now the State of Indiana by Michael Kearns, Deputy Prosecuting Attorney, Vigo County, Indiana, and Jesse Hadden Bedwell, Prosecuting Attorney, Sullivan

County, Indiana. Comes now the defendant Ronald Paul Norris *in his own proper person* and by his attorney Robert H. Brown, and comes the defendant Paul Fred Ladika in his own proper person and by his attorney Warren R. Everett. "State of Indiana introduces evidence in chief and rests. "The defendant Ronald Paul Norris introduces no evidence in the case and rests. . . ." (Emphasis added.)

Also, during cross examination of the prosecuting witness, Quinn, the following questions were asked, with the inference being that the appellant was present:

"Q. Now you thought that Ronald Norris *here* was looking for you?" (Emphasis added.)
"Q. I think you testified a moment ago that you and the two defendants *here* had been friends before that time?" (Emphasis added.)

Quinn was later asked:

"You said that you had been friendly with both of *these* boys after this happened, is that correct?" (Emphasis added.)

Subsequently, during the course of the trial, the witness, Howard Taylor was asked the following questions and gave the following answers:

"Q. Are you a friend of either of the defendants?
"A. No, I don't know them that well.
"Q. Did you have lunch with them today?
"A. Yes sir."

Therefore, it would seem that not only has petitioner failed to sustain his burden of showing that his rights were violated, but that the record indicates that he was indeed present during his trial, and that no violation occurred.

We are compelled to deny the petition for rehearing.

Arterburn, Hunter and DeBruler, JJ., concur; Jackson, J., concurs in result.

NOTE.—Reported in 240 N. E. 2d 45. Rehearing reported in 242 N. E. 2d 359.