SHERMAN RHODES *v.* STATE OF INDIANA.

[No. 272A90. Filed December 21, 1972.]

*John C. Christ, Patrick J. Hadler,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Deputy Attorney General, for appellee.

## CASE SUMMARY

BUCHANAN, P.J.—Defendant-appellant Sherman Rhodes (Rhodes) appeals from a court trial conviction of Robbery claiming insufficient identification. We affirm.

FACTS—The facts and evidence most favorable to the State and the judgment below are:

At 1:00 A.M. on March 4, 1971, Fred Smith (Smith), a taxicab driver for State Cab, received a call to pick up a rider at 2342 Central Avenue in Indianapolis, Indiana. When Smith arrived at this address, a man dressed in a dark gray suit coat and dark slacks, later identified by Smith as Rhodes, came out of the house, got into the front seat of the cab, and told Smith to take him to 22nd and Delaware so that he could buy some cigarettes. Upon arriving at 22nd and Delaware, the man went into a gasoline station, bought some cigarettes, returned to Smith's cab, again ensconced himself in the front seat, and told Smith to return to 2342 Central Avenue.

When the cab arrived at 2342 Central Avenue, the man pointed a gun at Smith and took his money (about $20.00), his wristwatch (valued at $75.00), and his diamond Moose

Lodge ring, (valued at about $125.00). This property was never recovered. The man then got out of the cab and Smith proceeded to the State Cab garage and reported the incident to the police.

At trial, Smith stated that he had an opportunity to get a good view of the robber since the robber had sat in the front seat. When asked if the man who robbed him was in the courtroom, Smith answered in the affirmative, pointed to Rhodes, and positively identified Rhodes as the man who had robbed him. Smith's in-court identification testimony was:

> "Q. And on that date did you have the occasion to come into contact with the defendant, Sherman Rhodes?
> A. Yes, sir.
> Q. Is he in the courtroom today?
> A. Yes, he is.
> Q. Would you point him out to the Court, please?
> A. Right there.
> Q. You are indicating, described [sic] him for the Court, which man are you pointing to?
> A. The second man.
> Q. Sitting at the far table?
> A. In between.
>
> \* \* \*
>
> Q. Mr. Smith, is the same man that held you up in the courtroom today?
> A. He is sitting right there.
> Q. Is there any doubt at all in your mind about this?
> A. No, there isn't.
> Q. And he is the same man that took your watch off of your wrist?
> A. Yes, sir."

This statement by Smith was the only in-court identification testimony offered by the State. Smith gave no description of the man who had robbed him prior to the identification of Rhodes other than reference to the robber being dressed in a dark gray coat and dark pair of pants. There was no evidence of an out-of-court identification of Rhodes by Smith.

In order to rebut the State's identification testimony, Rhodes offered alibi evidence.

On October 21, 1971, Rhodes was found guilty of Robbery pursuant to Ind. Ann. Stat. § 10-4101 (Burns 1956) in a non-jury trial and was subsequently sentenced to the Indiana State Reformatory for a period of not less than ten nor more than twenty-five years.

ISSUE—Was Smith's in-court identification of Rhodes sufficient to establish Rhodes's guilt beyond a reasonable doubt?

Rhodes contends that the evidence identifying him as the man who had robbed Smith was not of such a substantial nature as to remove all reasonable doubts and that Smith's in-court identification was an expression of opinion without a factual foundation to support it.

In response, the State contends that Rhodes's argument only seeks to reweigh the evidence and that the direct, positive testimony of the victim of a crime is sufficient to sustain a conviction.

DECISION—It is our opinion that Smith's in-court identification of Rhodes was sufficient for the jury to find that Rhodes was guilty of Robbery beyond a reasonable doubt.

Generally, any relevant fact will be admitted into evidence which would convince, or tend to convince, a person of ordinary judgment as to the identity of an accused. Uncertainties or weaknesses only affect the weight to be given the evidence. *Medsker* v. *State* (1946), 224 Ind. 587, 70 N.E.2d 182; 1 *Underhill's Criminal Evidence* 240, § 127 (5th ed. 1956).

The identity of an accused is a question of fact and not a question of law. Therefore, the weight to be given identification evidence and any determination of whether it is satisfactory and trustworthy is a function of the trier of facts. *Medsker* v. *State, supra; Craig* v. *State* (1908), 171 Ind. 317, 86 N.E. 397; *Norris* v. *State*

(1968), 251 Ind. 155, 240 N.E.2d 45; *Barnes* v. *State* (1964), 246 Ind. 485, 205 N.E.2d 539; *Ellis* v. *State* (1969), 252 Ind. 472, 250 N.E.2d 364. We also recognize that the identification evidence must convince the trier of facts beyond a reasonable doubt that the accused is the person who committed the crime. *Ellis* v. *State, supra.*

To be convincing the identification evidence may be that of a single eyewitness or the victim of a crime, even though the witness is not positive and can only testify that he believes the accused is the person whom he saw commit the crime. *Wright* v. *State* (1957), 237 Ind. 593, 147 N.E.2d 551; *Medsker* v. *State, supra; Bryant* v. *State* (1972), 257 Ind. 679, 278 N.E.2d 576; *Cole* v. *State* (1966), 247 Ind. 451, 215 N.E.2d 865.

Whatever decision the trier of facts reaches on the evidence, this court will not reweigh that evidence or determine the credibility of witnesses. The conviction will be affirmed if there is substantial evidence of probative value from which the trier of facts could infer beyond a reasonable doubt that the defendant was guilty. *Potter* v. *State* (1971), 257 Ind. 370, 274 N.E.2d 699; *Fuller* v. *State* (1971), 256 Ind. 681, 271 N.E.2d 720.

Rhodes seeks to enlist our aid because his identity as the man who robbed Smith was established without the benefit of any description of the robber as to his physical appearance, mannerisms, or personal characteristics.

The legal proposition that vis-à-vis identification must be accompanied by a description of the culprit comes to us unsupported with relevant authority—and we know of none.

We are aware of *Bryant* v. *State, supra,* holding that a conviction can be supported by the identification evidence received from a single eyewitness. Justice DeBruler disposed of the question thusly:

"The appellant here challenges the sufficiency of evidence against him in this case. He argues that the sole evidence against him, an identification by the victim, was insufficient

in that the victim was a seventy-four year old man who admittedly only got a five second look at his assailant and first identified the appellant under prejudicial circumstances at a pre-trial hearing. The appellant argues that, in such a case, corroboration is needed and since there was no corroboration the evidence is insufficient. This argument is clearly specious, as it is settled law in this State, as well as in other jurisdictions, that *a conviction can be supported by the identification of a single eye-witness.* Moore v. State (1970), 254 Ind. 23, 256 N.E.2d 907." (Emphasis supplied.)

Smith had ample opportunity to observe Rhodes inside the cab as he sat on the front seat, outside the cab as Rhodes purchased cigarettes, and as Rhodes divested him of his personal belongings. His in-court identification, although standing alone, was unequivocal and sufficient to establish the identity of Rhodes beyond a reasonable doubt. The circumstances surrounding his opportunity to observe Rhodes afforded him much more than a "five second look," *Bryant* v. *State, supra,* and even more of a "look" than in *Hardin* v. *State* (1972), 260 Ind. 501, 287 N.E.2d 359.

In fairness to Rhodes we note he cites *Watson* v. *State* (1956), 236 Ind. 329, 140 N.E.2d 109, as holding that identification evidence is nothing more than opinion, and therefore must be supported by a proper foundation. In *Watson,* the age of the defendant had a direct bearing upon the outcome of the case and no supporting evidence tending to establish the age of the defendant was ever presented. Consequently, our Supreme Court held that, inasmuch as age was a factor to be proven the mere act of pointing out the defendant in court without giving any descriptive evidence *as to his age,* was insufficient to establish the identity of the defendant beyond a reasonable doubt.

Our concern here is with the general question of whether Rhodes was in fact the man who robbed Smith. Any witness may express opinion as to the identity of the person who committed the crime. The facts on which the opinion is based may then be attacked on cross

examination. In *Craig* v. *State, supra,* the court put it this way:

"The witness, upon his examination, may testify that he is of the opinion that the accused is the person who committed the crime. His means of knowledge, however, or the fact upon which he bases his opinion, in respect to the identity of the accused, may be thoroughly tested upon cross-examination. *The weight to be given to the testimony of such witness is a matter for the determination of the jury, or the court trying the case."* (Emphasis supplied.)

Rhodes also would have us offset alibi testimony against Smith's identification. Again, we cannot and will not partake of the forbidden fruit of reweighing evidence and assessing the credibility of witnesses.

The conviction is therefore affirmed.

Sullivan, J., concurs; White, J., concurs with statement.

WHITE, J., Concurring. I concur in affirmance because the victim of this robbery had sufficient opportunity to observe his robber to render his identification testimony both substantial and probative. This case is thereby distinguished from *Baker* v. *State* (1956), 236 Ind. 55, 138 N.E.2d 641, and *Gaddis* v. *State* (1969), 253 Ind. 23, 251 N.E.2d at 658.

I concur in the majority opinion only to the extent that it expresses views which are not in conflict with the views expressed in *Baker* and *Gaddis.*

NOTE.—Reported at 290 N.E.2d 504.