THOMAS BELLAMY v. STATE OF INDIANA.

[No. 372A154. Filed December 27, 1972. Rehearing denied January 22, 1973.]

Frederick B. Robinson, of Indianapolis, for appellant.

Theodore L. Sendak, Attorney General, Robert F. Colker, Assistant Attorney General, for appellee.

SULLIVAN, J.—This is an appeal by defendant-appellant Thomas Bellamy (Bellamy) from a conviction of robbery.

Bellamy was charged by affidavit with robbery and inflicting physical injury while in the commission of a robbery. Trial was held before the court without jury on October 14, 1971, and Bellamy was found guilty of robbery and not guilty of inflicting physical injury while in the commission of a robbery. He was sentenced to the Indiana State Prison for a term of not less than ten nor more than twenty five years.

Bellamy timely filed his Motion to Correct errors which was overruled. This appeal follows:

The facts most favorable to the State are as follows:

Shortly after midnight on July 16, 1970, Raymond Brothers in leaving his employment got into his car at the lighted Central Soya parking lot in Indianapolis. Two men approached his car from the front. One man, identified as James Smith, opened the door on the driver's side of the car, stuck a gun in Brothers' side and demanded his money. The other man

stood at the right side of the car. Smith has been tried and convicted of robbery for the same incident.

While the two men were standing at the car, another employee of Central Soya came out and the man on the right side of the car shouted at Smith, "C'mon lets get out of here." As the two men started to run away Brothers was shot in the head by Smith.

At about 12:15, Robert Harless, an Indianapolis Police Officer saw a car matching the description of a car wanted in the holdup. He stopped the car, occupied by Smith and Bellamy, and saw a gun on the front seat. The two men were taken to the hospital where Raymond Brothers was being treated. Brothers identified Bellamy as the man who had accompanied Smith during the robbery.

The only issue presented for review by this appeal is whether there was sufficient evidence to sustain the conviction.

Bellamy argues that the only evidence placing him at the scene of the robbery was the testimony of Brothers. He contends that the circumstances of his identification at the hospital (being with Smith) could have influenced Brothers' identification and that this fact, plus the testimony of Brothers that he did not pay much attention to the man with Smith and the inability of any other witness other than Harless, the arresting officer, to identify Bellamy as Smith's companion is not sufficient evidence on which to base a conviction. He argues the tests of sufficiency are directness and freedom from uncertainty and that there must be substantial evidence not a mere scintilla of evidence, citing *Vuncannon* v. *State* (1970), 254 Ind. 206, 258 N.E.2d 639. He argues the evidence connecting him with the robbery is uncertain and not substantial and therefore insufficient to support the conviction.

In response the State contends that, looking only at the evidence most favorable to the State and reasonable inferences drawn from it, there was substantial evidence to

establish every material element of the crime. The State argues that there was positive identification of Bellamy as being Smith's companion and that Bellamy's argument is merely a request to the court to reweigh the evidence.

Notwithstanding that Bellamy relied upon an alibi defense, we have examined the evidence concerning the identification of the defendant and find it sufficient. Mr. Brothers' identification was unequivocal and certain:

> "Q. We are going to draw your attention to on or about July sixteenth, 1970, did you have occasion to see the defendant in this cause, Thomas Bellamy?
> A. Yes.
> Q. Is the defendant in the Courtroom today?
> A. Yes, sir.
> Q. Would you point him out, please?
> A. Sitting over there.
> Q. What is he dressed in?
> A. Blue jeans."

and also as follows:

> "[D]o you know what that sentence is if he is convicted, what he could get?
> A. No, I don't.
> Q. It is life imprisonment, I want you to think about that before you answer this next question. Are you sure that this man sitting right there is the man that you saw that evening.
> A. Yes, that's the man.
> Q. There is no question in your mind.
> A. No, there is not.
> Q. . . . even though knowing that he might be sentenced to life imprisonment if he is convicted?
> A. Yes. That's the man."

As we recently stated in *Rhodes* v. *State* (1972), 154 Ind. App. 594, 290 N.E.2d 504:

> "The identity of an accused is a question of fact and not a question of law. Therefore, the weight to be given identification evidence and any determination of whether it is satisfactory and trustworthy is a function of the trier of facts."

The matter before us is virtually identical with *Rhodes v. State, supra* and *Hardin* v. *State* (1972), 153 Ind. App. 317, 287 N.E.2d 359.

The judgment is affirmed.

Buchanan, P.J., concurs.

White, J., concurs in result only.

NOTE.—Reported at 290 N.2.2d 791.