HENRY WESLEY COTTINGHAM *v.* STATE OF INDIANA.

[No. 873S152. Filed November 20, 1973.]

*Dale J. Myers,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

ARTERBURN, C.J.—This appeal is from a conviction for armed robbery [IC 1971, 35-12-1-1 (*Burns Ind. Ann. Stat.*

§ 10-4709 (1970 Repl.) ]. In the early morning hours of August 11, 1972, a lone gunman robbed the Hook's Drug Store at 4311 South Anthony Street in Fort Wayne. The gunman forced the two employees then present to give him the money from the cash register. He also took a number of watches from a display case. The gunman was arrested after being identified through fingerprints left in the store.

At the bench trial, Appellant presented an alibi. There was testimony that he left his place of work, a tavern about fifteen blocks from the drugstore, at either precisely 3:00 A.M. or a few minutes before 3:00 A.M. The testimony of the employees indicated that the robbery occurred at 3:00 A.M. There was also a stipulation that Appellant's wife, who was unavailable at trial, would have testified that the Appellant was home with her by 3:20 A.M. The home of Appellant's wife is approximately three blocks from the tavern where Appellant worked. However, Appellant was identified in open court by one of the employees (the other had died prior to trial) and the fingerprints in the store were proved to be the Appellant's.

Appellant's single specification of error is that the evidence was insufficient to place the Appellant at the scene of the crime at the time of the crime. Appellant's argument is that his introduction of alibi evidence puts a burden upon the State to rebut, beyond a reasonable doubt, the alibi. Appellant is mistaken. Alibi evidence is itself rebuttal evidence as to the State's evidence. The State is not required to rebut specifically such evidence if there is sufficient evidence otherwise to prove the crime as charged. *Washington* v. *State* (1971), 257 Ind. 40, 271 N. E. 2d 888; *Witt* v. *State* (1933), 205 Ind. 499, 185 N. E. 645. The trier of fact is not required to believe an alibi witness any more than it must believe any witness. Whether or not the presentation of an alibi is sufficient to raise a reasonable doubt as to a defendant's guilt is a question of fact for the judge or jury. *Stephens* v. *State* (1973), 260 Ind. 326, 295 N. E. 2d

622; *Cole* v. *State* (1966), 247 Ind. 451, 215 N. E. 2d 865; *Tungate* v. *State* (1958), 238 Ind. 48, 147 N. E. 2d 232.

On appeal this Court does not weigh the evidence, nor do we judge the credibility of witnesses. If there is probative evidence to support proof of each element of the crime charged, we must affirm the judgment of the trial court. *Blackburn* v. *State* (1973), 260 Ind. 5, 291 N. E. 2d 686; *Riner* v. *State* (1972), 258 Ind. 428, 281 N. E. 2d 815; *Buise* v. *State* (1972), 258 Ind. 321, 281 N. E. 2d 93. There was such probative evidence on each element of the crime in this case, and accordingly we affirm the judgment of the trial court.

All justices concur.

NOTE.—Reported in 303 N. E. 2d 268.