ORVILLE ARD *v.* STATE OF INDIANA.

[No. 3-673A65. Filed June 19, 1974. Rehearing denied September 9, 1974.]

*Bernard M. Tetek, Gerald N. Svetanoff,* of Gary, for appellant.

*Theodore L. Sendak,* Attorney General, *Larry C. Gossett,* Deputy Attorney General, for appellee.

GARRARD, J.—The defendant, Orville Ard, was convicted of robbery in violation of IC 1971, 35-13-4-6, Ind. Ann. Stat. § 10-4101 (Burns Supp. 1956) and brings this appeal.

The facts of the case viewed most favorably to the State are as follows:

At about 6:30 p.m. on March 31, 1972, two men, one armed with an M1 carbine rifle, entered the Twin City Washerette in East Chicago, Indiana, and announced "this is a stickup." The people in the washerette were ordered to the back of the building and one man held the rifle on them as the other searched each and took his money. One of the washerette customers, John L. Edwards, testified that the men took about $307.00 from him and positively

identified the defendant as the man holding the rifle during the robbery. An employee of the washerette, Charles Winters, and another customer, John Sanson, also made a positive identification of the defendant at the trial. Two other customers were unable to make a positive identification. The defendant contends the evidence identifying him as one of the robbers is insufficient to demonstrate his guilt beyond a reasonable doubt. To sustain the defendant's position would require us to reweigh the evidence and reassess the credibility of the witnesses. That is not the proper function of this court on appeal. The identity of an accused is a question of fact, and the weight to be given identification evidence and any determinations as to its trustworthiness are functions for the trier of fact. *Rhodes* v. *State* (1972), 154 Ind. App. 594, 290 N.E.2d 504.

Thus, as has been often stated, in reviewing the sufficiency of the evidence, we will consider only the evidence most favorable to the State, together with the logical and reasonable inferences which may be drawn therefrom. *McGowan* v. *State* (1973), 156 Ind. App. 344, 296 N.E.2d 667.

Here the evidence most favorable to the State is the positive identification of the defendant by three eyewitnesses to the robbery, all of whom testified concerning their opportunity to observe him during the robbery, and all of whom remained positive in their identification throughout extensive cross examination. Such positive and repeated eyewitness identification testimony is ample to sustain Ard's conviction. *Rhodes, supra; Bellamy* v. *State* (1972), 154 Ind. App. 682, 290 N.E. 2d 791.

The defendant next urges as error the denial of his petition for discharge pursuant to Indiana Rules of Procedure, Criminal Rule 4(A).[1]

---

1. While the record indicates that trial was continued because of congestion on the court calendar, it is not disputed that the prosecutor's motion was made on the date set for trial with no showing as to the reason for delay in filing the motion as required by Rule CR. 4(A).

However, this asserted error was not raised in the defendant's motion to correct errors. Accordingly, unless the fundamental or plain error doctrine may be invoked to justify suspension of the appellate rules, this issue has been waived on appeal. *McCauley* v. *State* (1974), 159 Ind. App. 517, 307 N.E.2d 885; Appellate Rule 8.3(A).

To justify suspension of the established rules of appellate procedure, there must be a finding of prejudicial error affecting the defendant's constitutional rights.[2]

To invoke the fundamental error doctrine, there must be a finding of prejudicial error affecting the defendant's *constitutional* rights. *Bennett* v. *State* (1973), 159 Ind. App. 59, 304 N.E.2d 827; *Kennedy* v. *State* (1972), 258 Ind. 211, 280 N.E.2d 611; *Grier* v. *State* (1968), 251 Ind. 214, 240 N.E.2d 494.

The six month limitation prescribed by CR. 4(A) is not a constitutional guarantee. While it is a rule designed to aid a defendant in the assurance that he will be afforded his constitutional right to a speedy trial, it does not create a constitutional right to trial within six months and accordingly, a violation of the rule may be waived. *Bryant* v. *State* (1973), 261 Ind. 172, 301 N.E.2d 179; *Easton* v. *State* (1972), 258 Ind. 204, 280 N.E.2d 307.[3] Since the defendant had no constitutional right to discharge by virtue of his being held in jail awaiting trial more than six months, the failure to raise this issue in his motion to correct errors constituted a waiver of any asserted error.

---

2. It is also the opinion of the writer that the doctrine is only properly invoked where adherence to the rules of appellate procedure would deprive the defendant of the ability to raise the issue. See dissenting opinion in Goode v. State (1974), 160 Ind. App. 360, 312 N.E.2d 109.

3. Thus, CR. 4(A), amended January 3, 1974, now provides that a defendant detained beyond the six month date shall be released on his own recognizance, but may yet be held to answer the charge against him within the other limitations provided in the rule.

Finally, the defendant asserts that the trial court committed error in the admission of certain evidence. This alleged error is presented in the motion to correct errors as follows:

"2. That the Court permitted an error of law in the conduct of the trial by allowing the admission of inadmissible evidence."

Nowhere else in the motion or the supporting memorandum is it indicated what allegedly inadmissible evidence should have been excluded as required by Trial Rule 59(B) and (G). Accordingly, this asserted error presents nothing for our review. The reasons for holding such a defect fatal in the attempted presentation of error as well as a compendium of the cases was recently presented by Judge Buchanan in *Bennett* v. *State, supra.*

There being no reversible error, the judgment of the trial court is affirmed.

Hoffman, C.J. and Staton, J., concur.

NOTE.—Reported at 312 N.E.2d 512.