DONALD RICHARDSON *v.* STATE OF INDIANA.

[No. 2-275A29. Filed September 24, 1975.]

*Myron H. Budnick,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert M. Lingenfelter,* Deputy Attorney General, for appellee.

PER CURIAM—Richardson was tried by jury, convicted of robbery[1] and given an indeterminate sentence of ten (10) to twenty-five (25) years.

The evidence most favorable to the State reveals that on April 5, 1974, at approvimately 1:30 p.m., Preston Taylor cashed his payroll check at a bank located at Michigan and King Streets in Indianapolis, Indiana. When Taylor returned to his parked truck, he was accosted by Richardson who, while holding a pistol beside his leg, demanded Taylor's wallet. Fearing for his safety, Taylor handed his wallet to Richardson. Upon finding no money in the wallet, Richardson stated: "Let's have the money before I shoot you." Taylor then reached in his pants pocket and gave Richardson a $20 bill. Apparently not satisfied, Richardson reached into Taylor's coat pocket, searching for more money. Finding none, he

---

1. IC 1971, 35-13-4-6, Ind. Ann. Stat. § 10-4101 (Burns 1956)..

ordered Taylor to "Get in there [the truck] and get out of here 'fore I shoot you." Richardson then walked, at a normal rate, north on King. Taylor quickly drove around the block, returning to King Street in time to see Richardson enter a house at 758 N. King. Taylor returned to the bank and phoned the police.

Approximately one-half hour later, Officer Rene arrived at the scene. Taylor described his assailant's physical appearance and clothing and advised the officer that the assailant had entered a house on King Street. After calling for assistance, Officer Rene proceeded to the house indicated by Taylor. He knocked on the door but received no answer. As the officer was returning to his car, an unidentified person informed him that the occupant of the house in question was presently at 730 N. King. Officer Rene proceeded to 730 N. King and was granted permission to enter by the resident, Mr. Lee. Richardson was found sitting on a chair inside the house. The officer took Richardson outside and Taylor positively identified him as the person who committed the robbery. Approximately 45 minutes had elapsed between the robbery and the apprehension.

Richardson's sole argument concerns the sufficiency of the evidence presented identifying him as the perpetrator of the crime.[2] However, the record clearly shows that the victim, Taylor, unequivocally identified Richardson in court as well as testifying that he identified Richardson within minutes of the robbery. Nevertheless, Richardson contends that this identification is not sufficient because of an alleged discrepancy between Taylor's initial description of the perpetrator's clothing and his (Richardson's) clothing at the time he was apprehended, and because Taylor's out-of-court identification was obtained as a result

---

2. Other allegations of error included in Richardson's motion to correct errors were not argued in his brief and are therefore waived. Ind. Rules of Procedure, Appellate Rule 8.3(A) (7).

of the overly suggestive confrontation outside the residence at 730 N. King.

When Officer Rene arrived at the scene of the robbery, Taylor described his assailant as a Negro male approximately 22 years of age, 5′ 10″ with a thin build, medium "Afro" haircut and wearing a blue jacket, red shirt and checked pants. Officer Rene testified that when Richardson was apprehended, he was wearing a blue jacket, red shirt, and plaid pants. Richardson seizes on the fact that the color "book-in" photo taken subsequent to his arrest and admitted into evidence shows that he was wearing a blue and white shirt. While this is true, a close examination of the photo reveals that he was also wearing a red shirt-type garment over the blue and white shirt. However, Taylor's failure to mention the blue and white shirt is inconsequential. His unequivocal in-court identification standing alone was sufficient to establish the identity of Richardson beyond a reasonable doubt. *Rhodes* v. *State* (1972), 154 Ind. App. 594, 290 N.E.2d 504.

Richardson also alleges that Taylor's out-of-court identification was tainted by the suggestive nature of the confrontation in front of 730 N. King and therefore his testimony concerning the identification lacked credibility.[3] The identity of an accused is a question of fact. *Rhodes* v. *State, supra.* The weight to be given identification evidence and any determination of whether it is satisfactory and trustworthy is a function of the trier of fact. This Court will not reweigh the evidence nor determine the credibility of witnesses. *Rhodes* v. *State, supra.*

It is our opinion that Taylor's in-court identification and testimony concerning the out-of-court identification were suffi-

3.  At trial, Richardson did not object to Taylor's in-court identification or the testimony concerning the out-of-court identification and does not allege on appeal that the confrontation was so unnecessarily suggestive as to deny him due process of law under the Fourteenth amendment. *Stovall* v. *Denno* (1967), 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed. 1199.

88

cient for the jury to find that Richardson was guilty of robbery beyond a reasonable doubt. The judgment is affirmed.

Note.—Reported at 333 N.E.2d 918.